# EXHIBIT A

KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
BRIAN G. LEE (State Bar No. 300990)
blee@yoonlaw.com
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff Casey Troyer

[Additional counsel listed on next page]

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASEY TROYER, as an individual and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>THE YERBA MATE CO., LLC, a limited liability company; GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.,<br><br>　　　　　　Defendants. | Case No.: 3:20-cv-06065-WHA<br><br>[Assigned for all purposes to Hon. William H. Alsup; Courtroom 12]<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512;**<br><br>**(2) VIOLATION OF LABOR CODE SECTIONS 1194 AND 510;**<br><br>**(3) VIOLATION OF LABOR CODE SECTION 226;**<br><br>**(4) VIOLATION OF LABOR CODE SECTIONS 201 TO 204;**<br><br>**(5) BUSINESS AND PROFESSIONS CODE SECTION 17200** *et seq.*<br><br>**(6) CALIFORNIA PENAL CODE SECTION 632**<br><br>**DEMAND FOR JURY TRIAL** |

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

# EXHIBIT A

1  MARK L. WEBB (State Bar No. 67959)
   **LAW OFFICE OF MARK L. WEBB**
2  994 Clayton, No. 2
3  San Francisco, California 94117
   Telephone: (415) 515-0960
4
5  Attorneys for Plaintiff Casey Troyer

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES
# EXHIBIT A

Plaintiff Casey Troyer ("Plaintiff") hereby submits his Second Amended Complaint for Damages against Defendants The Yerba Mate Co., LLC, Guayaki Sustainable Rainforest Products, Inc., and DOES 1 through 50, inclusive (collectively, "Defendants"), on behalf of himself and the Class of other similarly situated current and former employees of Defendants for meal period and rest break wages, minimum and overtime wages, and penalties as follows:

## INTRODUCTION

1. This class action is brought pursuant to Labor Code §§ 203, 226, 226.7, 510, 512, 1194, Industrial Welfare Commission ("IWC") Wage Order 1-2001 (codified as California Code of Regulations Title 8 § 11010), Business and Professions Code § 17200 *et seq.* (Unfair Competition Law ("UCL")), and California Penal Code §§ 632.

2. This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code and Business and Professions Code against the identified class of employees.

3. Plaintiff is informed and believes and thereon alleges Defendants joint and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to provide meal periods and rest breaks, (2) failing to pay all minimum and overtime wages, (3) failing to provide accurate wage statements, (4) intentionally recording confidential conversations and communications by and between employees without the knowledge or consent of those employees.

## JURISDICTION AND VENUE

4. This class action is brought pursuant to California Code of Civil Procedure § 382 and/or Federal Rule of Civil Procedure 23. The monetary damages sought by Plaintiff exceed the minimal jurisdictional limits of the California Superior Court and will be established according to proof at trial. The damages sought by Plaintiff individually are less than $75,000.00.

**EXHIBIT A**

5. This Court has jurisdiction over the violations of Labor Code §§ 203, 226, 226.7, 510, 512, 1194, the UCL, and Penal Code §§ 632.

6. This Court has jurisdiction over all Defendants because, upon information and belief, each party has sufficient minimum contacts in California, or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in this district because, upon information and belief, the named Defendants transact business and/or have offices in the County of Alameda, and the acts and omissions alleged herein took place in the County of Alameda.

**PARTIES**

8. Plaintiff Casey Troyer is an individual residing in the State of California. Plaintiff was employed by Defendants within the statutory time period.

9. Plaintiff is informed and believes and thereon alleges that Defendant The Yerba Mate Co., LLC is a limited liability company licensed to do business and actually doing business in the State of California, including the County of Alameda.

10. Plaintiff is informed and believes and thereon alleges that Defendant Guayaki Sustainable Rainforest Products, Inc. is a California corporation licensed to do business and actually doing business in the State of California, including the County of Alameda.

11. At all times herein mentioned, Defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors,

co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Labor Code §§ 203, 226, 226.7, 510, 512, 1194, IWC Wage Order 1-2001, the UCL, and Penal Code §§ 632.

## CLASS ACTION ALLEGATIONS

**12.   Definition:** Plaintiff seeks class certification pursuant to California Code of Civil Procedure § 382 and/or Federal Rule of Civil Procedure 23 of a class of all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked in California during the period from April 6, 2016, to the present, including the following Subclasses:[1]

>   **(a)   Meal Period Subclass:** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked one or more shifts in excess of six (6) hours in California during the period from April 6, 2016, to the present;
>
>   **As an alternative to Subclass (a):** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked one or more shifts in excess of six (6) hours in California without receiving a 30-minute break during which they were relieved of all duties,

---

[1]   Pursuant to Emergency Rule 9 of the Judicial Council of California's emergency rules related to the COVID-19 pandemic, "[n]otwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." Accordingly, per the emergency tolling rule, the complaint, for purposes of calculating the statute of limitations, is deemed filed on April 6, 2020.

during the period from April 6, 2016, to the present;

**(b)** **Second Meal Period Subclass:** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked one or more shifts in excess of ten (10) hours in California without receiving a second 30-minute break during the period from April 6, 2016, to the present;

**As an alternative to Subclass (b):** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked one or more shifts in excess of twelve (12) hours in California without receiving a second 30-minute break during the period from April 6, 2016, to the present

**(c)** **Rest Break Subclass:** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked one or more shifts of three and one-half (3.5) hours or more in California during the period from April 6, 2016, to the present;

**As an alternative to Subclass (c):** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked one or more shifts of three and one-half (3.5) hours or more in California without receiving a paid 10-minute break during which they were relieved of all duties, during the period from April 6, 2016, to the present;

**(d)** **Overtime Subclass:** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked one or more shifts in

excess of eight (8) hours in a day or forty (40) hours in a workweek in California during the period from April 6, 2016, to the present;

**As an alternative to Subclass (d):** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked one or more shifts in excess of eight (8) hours in a day or forty (40) hours in a workweek in California and were not properly paid all overtime wages during the period from April 6, 2016, to the present;

**(e)** **Minimum Wage Subclass** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked in California and were not properly paid all minimum wages during the period from April 6, 2016, to the present;

**(f)** **Wage Statement Subclass**: all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked in California and received an itemized wage statement during the period of April 6, 2017, to the present;

**(g)** **Terminated Employee Subclass:** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver work regardless of job title, who worked in California and were not properly paid all wages (including accrued and unused vacation hours) on termination or within 72 hours thereof during the period of April 6, 2017, to the present;

**(h)** **Recorded Subclass:** all Defendants' delivery drivers, "hacedors," and any other person performing delivery driver

work regardless of job title, who worked in California and whose conversations or communications were recorded without consent by Defendants or its agents during the period of April 6, 2019 to the present.

**13.    Numerosity:**  The members of the Class are so numerous that joinder of all members would be impractical, if not impossible.  The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.

**14.    Adequacy of Representation**:  Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and Plaintiff.  Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

**15.**    Defendants administered a corporate policy, practice and/or procedure of (1) failing to pay all meal period wages and rest break wages, (2) failing to pay all overtime wages and minimum wages, (3) filing to provide accurate wage statements, (4) failing to pay all wages upon termination of employment, (5) engaging in unfair business practices, and (6) intentionally recording conversations and communications by and between employees without the knowledge or consent of those employees. Plaintiff alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed members of the Class.

**16.    Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning whether Defendants' policies and practices regularly denied Class Members meal and rest break wages, overtime and minimum wages, and reimbursement for necessary work-related expenses.

17.     **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class. Plaintiff is a member of the Class and have suffered the alleged violations of Labor Code §§ 201-204, 226, 226.7, 510, 512, 1194, IWC Wage Order No. 1-2001, the UCL, and California Penal Code §§ 632. Plaintiff worked at least one shift in excess of ten hours during which he was not provided all duty-free, legally mandated meal periods. Plaintiff worked at least one shift of 3.5 hours or greater during which he was not authorized and permitted all duty-free, legally mandated rest breaks. Plaintiff performed work for which he was not paid, including at the correct overtime rate of pay. Plaintiff received wage statements during his employment. Plaintiff's employment with Defendants terminated on or around August 21, 2020, which is during the class period.

18.     The Labor Code upon which Plaintiff bases his claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

19.     The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

20. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

21. Such a pattern, practice and administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of meal period and rest break premiums, overtime wages and minimum wages, and penalties, including interest thereon, attorneys' fees and costs of suit, as well as consequential damages.

22. Proof of a common business practice or factual pattern, which Plaintiff experienced and is representative of, will establish the right of each Class Member to recovery on the causes of action alleged herein.

23. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. This action is brought for the benefit of the entirety of all Class and will result in the creation of a common fund.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**REGARDING MEAL PERIOD AND REST BREAK WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF**

**THE CLASS AND ALL SUBCLASSES)**

24. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 23 as though fully set forth herein.

25. In accordance with the mandates of the California Labor Code and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (g) had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof, and a 30-minute meal period for every five (5) hours worked.

26. As a pattern and practice, Defendants regularly did not provide employees with their meal periods and rest breaks and did not provide proper compensation for this failure.

27. Defendants' policy of failing to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (g) with legally mandated meal periods and rest breaks is a violation of California law.

28. Defendants willfully failed to pay employees whom they did provide the opportunity to take meal periods and rest breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order, and Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (g) are owed wages for meal period and rest break premiums as set forth above.

29. Such a pattern, practice and administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (g) identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest

thereon.

30. Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (g) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTIONS 510 AND 1194
## REGARDING OVERTIME AND MINIMUM WAGES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND ALL SUBCLASSES)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32. At all times relevant herein, Defendants were required to compensate their delivery drivers minimum wages for all hours worked and overtime wages for all hours worked over eight (8) hours in a day or forty (40) hours in a workweek.

33. As a pattern and practice, Defendants regularly failed to compensate its employees for all hours worked, resulting in a failure to pay all minimum wages and, where applicable, overtime wages.

34. This resulted in Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (g) receiving total wages in an amount less than minimum wage and, when applicable, deprived Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (h) and (i) of overtime wages.

35. Such a pattern, practice and administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses (a),

(b), (c), (d), (e), (f) and (g) in a civil action, for the unpaid balance of the full amount of minimum and overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

36. Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), (d), (e), (f) and (g) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## THIRD CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTION 226
## REGARDING RECORD KEEPING
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF
## THE CLASS AND SUBCLASSES (d), (e), and (f))

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38. In violation of Labor Code § 226, Defendants failed in their affirmative obligation to keep *accurate* records for their California employees. For example, as a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records of Plaintiff and the Class and Subclasses (d), (e), and (f)'s gross wages earned, total hours worked, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate. Plaintiff received at least one such wage statement during his employment with Defendants.

39. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (d), (e), and (f) identified herein, in a

civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## FOURTH CAUSE OF ACTION
## VIOLATION OF LABOR CODE SECTION 203
## REGARDING WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (a), (b), (c), (d), (e), and (g))

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as though fully set forth herein.

41. At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

42. As a result of Defendants' alleged Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and the Class and all Subclasses their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

43. The conduct of Defendants and their agents and employees as described herein was willfully done in violation of the rights of Plaintiff and the Class and all Subclasses, and done by managerial employees of Defendants.

44. Defendants' willful failure to provide Plaintiff and the Class and all Subclasses the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

# FIFTH CAUSE OF ACTION
## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq.*
### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND ALL SUBCLASSES)

45. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as though fully set for herein.

46. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1) all meal period wages and rest break premiums, (2) all overtime wages and minimum wages, (3) accurate wage statements, and (4) intentionally recording conversations and communications by and between employees without the knowledge or consent of those employees.

47. Defendants' utilization of such business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

48. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

49. Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq.*, including those set forth above, thereby depriving Plaintiff and the Class and Subclasses the minimum working condition standards and conditions due to them under the California laws and IWC Wage Orders as specifically described therein.

50. Plaintiff seeks, on his own behalf, and on behalf of other members of the Class and Subclasses who are similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld,

acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

**SIXTH CAUSE OF ACTION**

**FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632**
**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASS (h)**

51.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set for herein.

52.     Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of conversations without the knowledge or consent of all parties to the conversation.

53.     California Penal Code § 632 prohibits a party from "intentionally and without the consent of all parties to a confidential communication" from using a recording device to "eavesdrop upon or record the confidential communication." Penal Code § 632 is violated the moment the eavesdropping or recording is made without the consent of all parties thereto. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

54. Plaintiff is informed and believes, and thereupon alleges, that Defendants employed and/or caused to be employed certain surveillance and recording equipment at the workplace without the knowledge or consent of employees.

55. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to listen in on and record employee conversations, including those confidential in nature. Specifically, Plaintiff alleges that Defendants recorded Plaintiff and the Class and Subclasses by audio and video surveillance in the warehouse without the knowledge and/or consent of the employees, and Defendants thereby recorded conversations that Plaintiff and the Class and Subclasses did not intend to be overheard by Defendants. Plaintiff asserts he and the Class and Subclasses had a reasonable expectation in privacy in that they did not know and could not readily determine the conversations were being overheard or recorded by Defendants, and the conversations were not held in the proximity of Defendants. Specifically, Plaintiff is informed and believes and thereupon alleges there is at least one device mounted 12-14' above floor level, that it was placed at the direction of senior management, that it records both video and audio, that the presence of a listening device (i.e., microphone) is not reasonably apparent from ground level, that the listening device does record conversations, that there are no signs informing of the presence of any listening device and that the recordings are of quality to understand conversations in the workplace (for example, discussions about the terms and conditions of employment).

56. Defendants, knowing that this conduct was unlawful and a violation of Plaintiff and the members of the Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of the Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording/eavesdropping activities.

**57.** Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

**58.** Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as the representative of the Class as described herein;
3. For an order appointing counsel for Plaintiff as counsel for the Class;
4. Upon the First Cause of Action, for all meal period and rest break wages owed, and for costs;
5. Upon the Second Cause of Action, for all minimum wages owed and overtime wages owed, and for costs and attorney's fees;
6. Upon the Third Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;
7. Upon the Fourth Cause of Action, for waiting time wages according to proof pursuant to California Labor Code §203 and for costs and attorneys' fees;
8. Upon the Fifth Cause of Action, for restitution to Plaintiff and other similarly affected members of the general public of all funds

unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

9. Upon the Sixth Cause of Action, for greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a), injunctive relief, an order enjoining Defendants from recording confidential conversations without prior consent and to maintain the confidentiality of information from Plaintiff and the Class, for exemplary or treble damages; and

10. On all causes of action for attorneys' fees, interest, and costs as provided by California Labor Code §§ 218.6, 226, 1194, and Code of Civil Procedure § 1021.5, and for such other and further relief the Court may deem just and proper.

Dated: September 16, 2020           YOON LAW, APC
                                    LAW OFFICE OF MARK L. WEBB


                                    _____
                                    Stephanie E. Yasuda
                                    Attorneys for Plaintiff Casey Troyer

**DEMAND FOR JURY TRIAL**

Plaintiff, for himself and the Class and Subclasses, hereby demands a jury trial as provided by California law.

Dated: September 16, 2020           YOON LAW, APC
                                    LAW OFFICE OF MARK L. WEBB


                                    _____
                                    Stephanie E. Yasuda
                                    Attorneys for Plaintiff Casey Troyer