UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY TROYER, individually and behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>THE YERBA MATE CO., LLP and GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.,<br><br>    Defendants. | No. C 20-06065 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

    Plaintiff Casey Troyer, a former delivery driver for defendants, brings this putative class action alleging claims under various sections of California's Labor Code, California's Unfair Competition Law, and Section 632 of California's Penal Code (Dkt. No. 20). Defendants move to dismiss plaintiff's Section 632 claim for failure to state a claim, or in the alternative to strike portions of the complaint (Dkt. No. 24). To the extent stated herein, defendants' motion to dismiss is **GRANTED**.

    Section 632 prohibits a person or entity from "intentionally and without the consent of all parties to a confidential communication, us[ing] an electronic amplifying or recording device to eavesdrop upon or record the confidential communication . . ." Cal. Pen. Code § 632(a). A "confidential communication" is defined to "include[] any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be

confined to the parties thereto, but excludes a communication made in a public gathering . . ., or in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Pen. Code § 632(c).

"A communication is 'confidential' under this definition if a party to the conversation had an *objectively reasonable expectation* that the conversation was *not being overheard or recorded*." *Kight v. CashCall, Inc.*, 200 Cal.App.4th 1377, 1396 (2011) (italics in original) (citing *Flanagan v. Flanagan*, 27 Cal.4th 766, 768 (2002)).

As relevant here, the complaint alleges that (Dkt. No. 20 at ¶¶ 54–56) (emphasis added):

> Defendants employed and/or caused to be employed certain surveillance and recording equipment at the workplace without the knowledge or consent of employees.
>
> [A]ll these devices were maintained and utilized to listen in on and record employee conversations, **including those confidential in nature.** Specifically, Plaintiff alleges that Defendants recorded Plaintiff and the Class and Subclasses by audio and video surveillance in the **warehouse** without the knowledge and/or consent of the employees, and Defendants thereby recorded conversations that Plaintiff and the Class and Subclasses did not intend to be overheard by Defendants. Plaintiff asserts he and the Class and Subclasses **had a reasonable expectation in privacy** in that they did not know and **could not readily determine the conversations were being overheard or recorded** by Defendants, and the conversations were not held in the proximity of Defendants. Specifically, Plaintiff is informed and believes and thereupon alleges there is **at least one device mounted 12-14' above floor level, that it was placed at the direction of senior management,** that it records both video and audio, that the **presence of a listening device (i.e., microphone) is not reasonably apparent from ground level**, that the listening device does record conversations, that there are **no signs informing of the presence of any listening device** and that the recordings are of quality to understand conversations in the workplace (for example, discussions about the terms and conditions of employment).
>
> Defendants, knowing that this conduct was unlawful and a violation of Plaintiff and the members of the Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of the Class' privacy **by knowingly and/or negligently and/or intentionally** engaging in the aforementioned recording/eavesdropping activities.

Based on these allegations, plaintiff argues that it has stated a plausible claim for relief under Section 632. Not so. As defendants contend, the complaint fails to plead facts plausibly showing that any confidential communication actually took place. For instance, there are no

1  facts explaining the circumstances of a single confidential conversation plaintiff had that
2  defendants may have recorded.  At best, the complaint alleges facts that could — though
3  unlikely as currently pled — support a finding that had any confidential conversation occurred,
4  plaintiff's expectation that that conversation was not being recorded was objectively
5  reasonable in that he was unaware that the visible video recording device located twelve feet
6  above the ground of the warehouse also recorded audio.  It does not follow, however, that any
7  confidential conversation occurred.  At bottom, plaintiff invites this order to speculate that
8  confidential communication must have occurred.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
9  555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative
10 level").  Plaintiff's unadorned allegation that defendants recorded "employee conversations,
11 including those confidential in nature" (Dkt. No. 20 ¶ 55), is conclusory and a mere "formulaic
12 recitation" of the confidentiality element of Section 632.  *Twombly*, 550 U.S. at 555.

13   In short, the complaint does not allege facts regarding any particular communication or
14 conversation, let alone facts surrounding the attendant circumstances of any such
15 communications, which would allow this order to make any conclusions regarding
16 confidentiality.  As such, plaintiff has failed to plead facts nudging his claim "from
17 conceivable to plausible."  *Twombly*, 550 U.S. at 570.  Given this threshold deficiency, this
18 order does not reach defendants' argument regarding whether or not plaintiff has sufficiently
19 alleged intentionality under Section 632.

20   For the foregoing reason, defendants' motion to dismiss plaintiff's Section 632 claim is
21 **GRANTED**.  Plaintiff is invited to move for leave to amend his complaint **BY DECEMBER 22,**
22 **2020, AT NOON**.  Plaintiff must plead his best case.  Its motion should affirmatively
23 demonstrate how the proposed amended complaint corrects the deficiencies identified in this
24 order, as well as any other deficiencies raised in defendants' motion but not addressed herein.
25 The motion should be accompanied by a redlined copy of the amended complaint.

26   **IT IS SO ORDERED.**
27 Dated:  December 4, 2020.
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California