UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY TROYER, as an individual and on behalf of all others similarly situated<br><br>    Plaintiff,<br><br>  v.<br><br>THE YERBA MATE CO., LLC, a limited liability company; GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.,<br><br>    Defendants. | Case No. 3:20-cv-06065 WHA<br><br>**ORDER GRANTING LEAVE TO AMEND, DENYING MOTION TO STRIKE** |

## INTRODUCTION

In this wage-and-hour putative class action, plaintiff seeks leave to file a third amended complaint after his second amended complaint was dismissed for failure to sufficiently plead a violation of Section 632 of California's Penal Code. Amendment is not futile because plaintiff's proposed amendment sufficiently pleads the claim. Therefore, the motion is **GRANTED**. Additionally, defendants' motion to strike the class allegations is **DENIED**.

## STATEMENT

In this putative class action, plaintiff Casey Troyer sues his former employer for violations of California's Labor Code, California's Unfair Competition law, and Section 632 of California's Penal Code (Dkt. No. 20). His proposed pleading alleges that defendants have engaged in "systemic illegal employment practices" by "(1) failing to provide meal periods and rest breaks, (2) failing to pay all minimum and overtime wages, (3) failing to provide accurate wage statements, (4) intentionally recording confidential conversations and communications by

1   and between employees without the knowledge or consent of those employees" (Dkt. No. 35-1

2   at ¶¶ 2–3).

3       The only claim now at issue is that defendants intentionally recorded plaintiff's

4   confidential conversation in violation of Section 632. An order previously granted defendants'

5   motion to dismiss this claim holding that the second amended complaint failed to plead facts

6   plausibly showing that any confidential communication actually took place (Dkt. No. 32). The

7   order did not rule on defendants' alternative argument but invited plaintiff to move for leave to

8   amend and advised plaintiff that he "should affirmatively demonstrate how the proposed

9   amended complaint corrects the deficiencies identified in this order, as well as any other

10  deficiencies raised in defendants' motion but not addressed herein" (*id.* at 3).

11      Plaintiff timely moves for leave to amend, alleging new facts in support of his Section

12  632 claim (Dkt. No. 35). Defendants oppose (Dkt. No. 36). This order follows full briefing

13  and argument held telephonically due to COVID-19.

## ANALYSIS

15      An amendment is futile if the complaint would fail to state a claim for relief. A

16  complaint must allege sufficient facts to state a facially plausible claim for relief. *Ashcroft v.*

17  *Iqbal*, 556 U.S. 662, 678 (2009). All well-pled factual allegations are taken as true and all

18  reasonable inferences are drawn in favor of the nonmoving party. *Dahlia v. Rodriguez*, 735

19  F.3d 1060, 1066 (9th Cir. 2013).

20      Section 632(a) of California's Penal Code prohibits "intentionally, and without the

21  consent of all parties to a confidential communication, us[ing] an electronic amplifying or

22  recording device to eavesdrop upon or record the confidential communication." Section 632(c)

23  defines a "confidential communication" as one

24      carried on in circumstances as may reasonably indicate that any party to the
    communication desires it to be confined to the parties thereto, but [not] a communication
25  made in a public gathering . . . or in any other circumstance in which the parties to the
    communication may reasonably expect that the communication may be overheard or
26  recorded.

27      This provision states an objective reasonableness standard: a conversation is confidential

28  under Section 632 "if a party to that conversation has an objectively reasonable expectation

that the conversation is not being overheard or recorded." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 776–77 (2002). "Intentional" means that "the person using the recording equipment does so with the purpose or desire of recording a confidential conversation, or with the knowledge to a substantial certainty that his use of the equipment will result in the recordation of a confidential conversation." *People v. Superior Court*, 70 Cal. 2d 123, 134 (1969).

Defendants argue that the proposed amendment is futile because it fails to allege sufficient facts plausibly showing (1) that plaintiff had a confidential conversation and that (2) defendants either (a) intentionally recorded the conversation or (b) had knowledge to a substantial certainty that their use of the surveillance device would record a confidential conversation (Dkt. No. 36, at 2–4).

Paragraphs 54–56 of the proposed amended complaint contain the relevant allegations (Dkt. No. 35-1, at ¶¶ 54–56):

- There is at least one surveillance device mounted twelve to fourteen feet above floor level near the entrance to the warehouse, placed at the direction of senior management, which records conversations and the recordings are of a quality to understand conversations in the workplace.
- Plaintiff was unaware this device recorded audio, there are no signs informing of the presence of a listening device, and it was not reasonably apparent from ground level that the device recorded audio.
- During the first two weeks of employment, plaintiff had a conversation with a coworker at 6:00 a.m. at the warehouse, when no supervisors or managers had yet arrived, and with no other employees close by, wherein he complained to his coworker that certain working conditions imposed by defendants were dangerous.
- The surveillance device recorded this conversation.
- "Defendants, knowing that this conduct was unlawful and a violation of Plaintiff['s] . . . right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff['s] . . . right privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording/eavesdropping activities."

3

1    The allegations that defendants acted "knowing" that their conduct was a violation of
2    Section 632, or acted "negligently and/or intentionally," are disregarded because they are
3    conclusions.  Nonetheless, the well-pled factual allegations plausibly state a claim that
4    defendants operated the surveillance device with substantial certainty that it would record a
5    confidential conversation, and that plaintiff had a reasonable expectation of privacy in the
6    recorded conversation.

   As to confidentiality, on these facts, plaintiff plausibly had a reasonable expectation of privacy in the recorded conversation.  He spoke only to his coworker, with no one else present, complaining about dangerous working conditions, and he did not know, and had no reason to know, that the device recorded audio as well as video.

   Defendants cite to *Reynolds v. City & County of San Francisco*, 576 Fed. App'x 698 (9th Cir. 2014), for the proposition that an employee necessarily does not have a reasonable expectation of privacy in a conversation had in the presence of an apparent video surveillance device in an open, shared workplace.  *Reynolds* is distinguishable.  There, our court of appeals held that an employee did not have a reasonable expectation of privacy in a telephone call he made at his desk in "a shared open workspace, during a time of day when others were likely to be present."  *Id.* at 703.  Here, the proposed complaint alleges the conversation took place at 6:00 a.m. between only plaintiff and his coworker, with no one else nearby.

   Defendants also cite to *Med. Lab. Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806 (9th Cir. 2002).  That decision is inapposite because it applied "Arizona law [which] offers more limited protection against the electronic interception of oral communications" than California law.  *Id.* at 816.

   Reduced to its essentials, defendants' position is that, as a matter of law, an employee does not have a reasonable expectation that his conversation is not being recorded when the conversation is (1) in a shared workplace, and (2) in the presence of an obvious camera (even though he has no reason to believe the camera also records audio).  The California Supreme Court has held that "in the workplace, as elsewhere, the reasonableness of a person's expectation of visual and aural privacy depends not only on who might have been able to

4

observe the subject interaction, but on the identity of the claimed intruder and the means of the intrusion." *Sanders v. American Broadcasting Companies, Inc.*, 20 Cal. 4th 907, 923 (1999). The intruder in *Sanders* was a member of the public, not the proprietor of the workplace. But the bottom line is the same: that an employee's conversation may be visually observable by his coworkers or even a camera in an open workspace does not necessarily defeat his reasonable expectation that the conversation is not being aurally recorded. *See id.* at 917–18. A reasonable expectation of privacy is a fact-dependent inquiry unsuited for disposition on a motion to dismiss. *See id.* at 911. At this stage, on these facts, plaintiff has plausibly alleged that he had a reasonable expectation that his conversation was not being recorded.

The allegations also reasonably support an inference that defendants knew to a substantial certainty that the device would record a confidential conversation. An alternative, innocuous explanation for the device is that it was for security at the warehouse, not for recording employees' confidential conversations in the workplace. But that explanation is undermined by the fact that defendants did not inform employees like plaintiff that the device records audio, in addition to video. The pleading standard is relaxed as to defendants' understanding with regard to their use of the surveillance device because that is a matter exclusively within defendants' knowledge. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Again, at this stage, where all factual allegations are accepted as true, and all reasonable inferences drawn in favor of plaintiff, the allegations plausibly state a claim under Section 632.

Defendants also argue that leave to amend should be denied because plaintiff has failed to state this claim three times already. Because the proposed amended complaint cures the prior deficiencies, this contention is unpersuasive; there is no hard-and-fast rule a plaintiff is limited to three tries.

Defendants argue that allowing plaintiff's amendment will unfairly prejudice them because they will be forced to file another motion to dismiss. No further Rule 12 motion practice will be allowed since this motion practice has already served that purpose. Defendants may bring a motion for summary judgment after a reasonable period of discovery.

Defendants previously moved, as an alternative to dismissal, to strike the class allegations as to the Section 632 claim (Dkt. No. 24). Plaintiff's proposed third amended complaint sufficiently states a claim under Section 632. Issues about the viability of this claim for class treatment, and the proposed class, should be addressed in a motion pursuant to FRCP 23, after a reasonable period of discovery. Therefore, the motion to strike the class allegations is denied.

## CONCLUSION

Plaintiff's proposed amended complaint sufficiently states a claim upon which relief can be granted as to his claim under Section 632 of California's Penal Code. Therefore, his motion for leave to file a third amended complaint is **GRANTED**. Defendants' motion to strike is **DENIED**. Plaintiff shall file his third amended complaint within seven days of this order. The answer is due in 14 calendar days thereafter.

**IT IS SO ORDERED.**

Dated: February 13, 2021

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE