David L. Cheng, Bar No. 240926
dcheng@fordharrison.com
**FORD & HARRISON LLP**
350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Telephone:    (213) 237-2400
Facsimile:    (213) 237-2401

Daniel R. Lyman, Bar No. 319010
dlyman@fordharrison.com
**FORD & HARRISON LLP**
1901 Harrison Street, Suite 1650
Oakland, CA 94612
Telephone:    (415) 852-6914

Attorneys for Defendants
THE YERBA MATE CO., LLC and GUAYAKI
SUSTAINABLE RAINFOREST PRODUCTS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY TROYER, as an individual and on behalf of all similarly situated employees,<br><br>Plaintiff,<br><br>v.<br><br>THE YERBA MATE CO., LLC, a limited liability company; GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:20-cv-06065-WHA<br><br>Assigned to: Hon. William H. Alsup<br><br>**CLASS ACTION**<br><br>**DEFENDANTS THE YERBA MATE CO., LLC'S AND GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Action filed: July 23, 2020<br>Date of Removal: August 28, 2020 |

Defendants The Yerba Mate Co., LLC and Guayaki Sustainable Rainforest Products, Inc. (hereinafter, referred to collectively as "Defendants") hereby submit this Answer, Denials, and Defenses to the claims and allegations set forth in Plaintiff Casey Troyer's (hereinafter, "Plaintiff") Third Amended Complaint (hereinafter, "TAC"), according to the numbering in the TAC. Any allegation not specifically admitted is denied.

///

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## **INTRODUCTION**

**1.**     Defendants assert that the allegations of paragraph 1 are legal conclusions for which no response is required.  To the extent any answer may be required, Defendants deny the allegations of this paragraph and deny any allegations of wrongdoing.

**2.**     Defendants assert that the allegations of paragraph 2 are legal conclusions for which no response is required.  To the extent any answer may be required, Defendants deny the allegations of this paragraph and deny any allegations of wrongdoing.

**3.**     Defendants assert that the allegations of paragraph 3 are legal conclusions for which no response is required.  To the extent any answer may be required, Defendants deny the allegations of this paragraph and deny any allegations of wrongdoing.

## **JURISDICTION AND VENUE**

**4.**     Defendants assert that the allegation of paragraph 4 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants admit that this Court has subject matter jurisdiction under the 28 U.S.C. §§ 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453.

**5.**     Defendants assert that the allegation of paragraph 5 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants admit that this Court has subject matter jurisdiction under the 28 U.S.C. §§ 1332(d) (Diversity under Class Action Fairness Act), 1367(a) (Supplemental Jurisdiction), 1441(a), 1441(b), 1446 and 1453.

**6.**     In response to the allegations set forth in paragraph 6, Defendants admit that this Court has personal jurisdiction over Defendants.

**7.**     Defendants assert that the allegation of paragraph 7 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants admit that this Venue is proper pursuant to 28 U.S.C. §§ 1441(a), 84(a).

## **PARTIES**

**8.**     In response to the allegations set forth in paragraph 8, Defendants presently lack knowledge or information sufficient to form a belief about where Plaintiff resides and therefore denies the allegation that Plaintiff resides in the State of California.  Defendants admit that Plaintiff was employed by Defendant The Yerba Mate Co., LLC during the statutory time period,

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

2

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

but deny that Plaintiff was employed by Defendant Guayaki Sustainable Rainforest Products, Inc. during the statutory time period.

**9.**     Defendants admit the allegations of paragraph 9 of the TAC.

**10.**    Defendants admit the allegations of paragraph 10 of the TAC.

**11.**    Defendants assert that the allegations of paragraph 11 are legal conclusions for which no response is required.  To the extent any answer may be required, Defendants deny the allegations of paragraph 11 of the TAC.

## CLASS ACTION ALLEGATIONS

**12.**    Defendants assert that the allegations of paragraph 12, and its subparts, are not allegations of fact and do not require an answer.  To the extent any answer may be required Defendants deny the allegations of this paragraph and its subparts.

**13.**    Defendants assert that the allegations of paragraph 13 are not allegations of fact and do not require an answer.  To the extent any answer may be required Defendants deny the allegations of this paragraph.

**14.**    Defendants deny the allegations of paragraph 14.

**15.**    Defendants deny the allegations of paragraph 15.

**16.**    The allegations set forth in paragraph 16 are not allegations of fact and do not require an answer.  However, to the extent paragraph 16 purports to contain allegations of fact, Defendants deny any such allegations.

**17.**    In response to the allegations set forth in paragraph 17, Defendants admit that Plaintiff received wage statements during his employment with The Yerba Mate Co., LLC and that his employment with The Yerba Mate Co., LLC terminated on August 21, 2020.  Defendants deny all other allegations of paragraph 17.

**18.**    The allegations set forth in paragraph 18 are not allegations of fact and do not require an answer.  However, to the extent paragraph 18 purports to contain allegations of fact, Defendants deny any such allegations.

**19.**    The allegations set forth in paragraph 19 are not allegations of fact and do not require an answer.  However, to the extent paragraph 19 purports to contain allegations of fact, Defendants deny any such allegations.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

**20.**     The allegations set forth in paragraph 20 are not allegations of fact and do not require an answer.  However, to the extent paragraph 20 purports to contain allegations of fact, Defendants deny any such allegations.

**21.**     The allegations set forth in paragraph 21 are not allegations of fact and do not require an answer.  However, to the extent paragraph 21 purports to contain allegations of fact, Defendants deny any such allegations.

**22.**     The allegations set forth in paragraph 22 are not allegations of fact and do not require an answer.  However, to the extent paragraph 22 purports to contain allegations of fact, Defendants deny any such allegations.

**23.**     The allegations set forth in paragraph 23 are not allegations of fact and do not require an answer.  However, to the extent paragraph 23 purports to contain allegations of fact, Defendants deny any such allegations.

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**REGARDING MEAL PERIOD AND REST BREAK WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF**

**THE CLASS AND ALL SUBCLASSES)**

**24.**     Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 23 above as if fully set forth herein.

**25.**     Defendants assert that the allegation of paragraph 25 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 25.

**26.**     Defendants deny the allegations of paragraph 26.

**27.**     Defendants assert that the allegation of paragraph 27 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 27.

**28.**     Defendants assert that the allegation of paragraph 28 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 28.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

4

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

**29.**     Defendants assert that the allegation of paragraph 29 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 29.

**30.**     Defendants assert that the allegation of paragraph 30 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 30.

**SECOND CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTIONS 510 AND 1194**

**REGARDING OVERTIME AND MINIMUM WAGES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF**

**THE CLASS AND ALL SUBCLASSES)**

**31.**     Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 30 above as if fully set forth herein.

**32.**     Defendants assert that the allegation of paragraph 32 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 32.

**33.**     Defendants assert that the allegation of paragraph 33 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 33.

**34.**     Defendants assert that the allegation of paragraph 34 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 34.

**35.**     Defendants assert that the allegation of paragraph 35 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 35.

**36.**     Defendants assert that the allegation of paragraph 36 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 36.

//

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

5

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 226**

**REGARDING RECORD KEEPING**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF**

**THE CLASS AND SUBCLASSES (d), (e), and (f))**

**37.**   Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 36 above as if fully set forth herein.

**38.**   Defendants assert that the allegation of paragraph 38 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 38.

**39.**   Defendants assert that the allegation of paragraph 39 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 39.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTION 203**

**REGARDING WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF**

**THE CLASS AND SUBCLASSES (a), (b), (c), (d), (e), and (g))**

**40.**   Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 39 above as if fully set forth herein.

**41.**   Defendants admit the allegation of paragraph 41.

**42.**   Defendants assert that the allegation of paragraph 42 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 42.

**43.**   Defendants assert that the allegation of paragraph 43 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 43.

**44.**   Defendants assert that the allegation of paragraph 44 is a legal conclusion for

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

6

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 44.

<h1 style="text-align:center"><u>FIFTH CAUSE OF ACTION</u></h1>

<strong>FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE</strong>

<strong>SECTION 17200 <em>et seq</em>.</strong>

<strong>(AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF</strong>

<strong>THE CLASS AND ALL SUBCLASSES)</strong>

**45.**    Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 44 above as if fully set forth herein.

**46.**    Defendants assert that the allegation of paragraph 46 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 46.

**47.**    Defendants assert that the allegation of paragraph 47 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 47.

**48.**    The allegations set forth in paragraph 48 are not allegations of fact and do not require an answer.  However, to the extent paragraph 48 purports to contain allegations of fact, Defendants admit such allegations.

**49.**    Defendants assert that the allegation of paragraph 49 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 49.

**50.**    Defendants assert that the allegation of paragraph 50 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 50.

//

//

//

//

//

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

7

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

## SIXTH CAUSE OF ACTION

### FOR INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632

### (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASS (h)

**51.**     Defendants repeat, reallege, and incorporate by reference their responses to paragraphs 1 through 50 above as if fully set forth herein.

**52.**     Defendants assert that the allegation of paragraph 52 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 52.

**53.**     Defendants assert that the allegation of paragraph 53 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 53.

**54.**     In response to the allegations set forth in paragraph 54, Defendants admit that surveillance and recording equipment was employed at certain workplaces throughout California during the statutory period.  Defendants deny all other factual allegations set forth in paragraph 54.

**55.**     In response to the allegations set forth in paragraph 55, Defendants admit that one surveillance device was mounted in Plaintiff's workplace.  Defendants have insufficient information upon which to admit or deny all other allegations set forth in paragraph 55 and therefore, on that basis, deny all other allegations contained therein.

**56.**     Defendants assert that the allegation of paragraph 56 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 56.

**57.**     Defendants assert that the allegation of paragraph 57 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 57.

**58.**     Defendants assert that the allegation of paragraph 58 is a legal conclusion for which no response is required.  To the extent any answer may be required, Defendants deny the allegation set forth in this paragraph 58.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

8

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

**PRAYER FOR RELIEF**

1.     Defendants deny that Plaintiff and/or the proposed class are entitled to any relief from Defendants, including but not limited to the relief requested in the prayer for relief section of Plaintiff's TAC.  Defendants deny that Plaintiff is an adequate class representative and assert that Plaintiff's claims do not meet the requisite standards to yield to class wide treatment;

2.     Defendants deny that Plaintiff and/or the proposed class are entitled to any relief from Defendants, including but not limited to the relief requested in the prayer for relief section of Plaintiff's TAC.  Defendants deny that Plaintiff is an adequate class representative and assert that Plaintiff's claims do not meet the requisite standards to yield to class wide treatment;

3.     Defendants deny that Plaintiff's counsel are adequate representatives;

4.     Defendants deny that Plaintiff and/or the proposed class are entitled to any of the requested forms of relief on any basis whatsoever;

5.     Defendants deny that Plaintiff and/or the proposed class are entitled to any of the requested forms of relief on any basis whatsoever;

6.     Defendants deny that Plaintiff and/or the proposed class are entitled to any of the requested forms of relief on any basis whatsoever;

7.     Defendants deny that Plaintiff and/or the proposed class are entitled to any of the requested forms of relief on any basis whatsoever;

8.     Defendants deny that Plaintiff and/or the proposed class are entitled to any of the requested forms of relief on any basis whatsoever;

9.     Defendants deny that Plaintiff and/or the proposed class are entitled to any of the requested forms of relief on any basis whatsoever; and

10.    Defendants deny that Plaintiff and/or the proposed class are entitled to any of the requested forms of relief on any basis whatsoever.

//

//

//

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's TAC, Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to any matter that, pursuant to law, is Plaintiff's burden to prove.

**FIRST DEFENSE**

**(Facts Insufficient to State Any Cause of Action)**

1.      The TAC as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute any cause of action against Defendants upon which relief may be granted.

**SECOND DEFENSE**

**(Not Plaintiff's Employer)**

2.      Defendants alleges that the TAC, and each purported cause of action contained therein, is barred in whole or in part because Defendants did not employ Plaintiff and/or putative class members at any time relevant to the TAC.

**THIRD DEFENSE**

**(Statute of Limitations)**

3.      The TAC as a whole, and each purported cause of action alleged and remedy sought therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 337, 337.1, 338, 339, 340 and 343, as well as California Labor Code section 203, 29 U.S.C. section 255, and California Business and Professions Code section 17208.

**FOURTH DEFENSE**

**(Penalties and Premium Pay Not Available)**

4.      Plaintiff's and putative class members' claims for penalties, including but not limited to penalties under Labor Code section 203, are barred in whole or in part, because Plaintiff and putative class members have not alleged, and cannot allege, facts demonstrating that Defendants' conduct was willful or harmful.  Without admitting any facts pled in the TAC, Defendants allege that they engaged in lawful conduct that was with cause and justification, and

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

10

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

Defendants are not liable for any purported injuries or claims which Plaintiff and putative class members now declare.

## FIFTH DEFENSE

### (Lack of Standing)

5.      Plaintiff's allegations, including, but not limited to, his allegations regarding his prayer for recovery are barred, in whole or in part, because Plaintiff and/or putative class members lack standing to assert or recover them.

## SIXTH DEFENSE

### (No Unfair Competition)

6.      Plaintiff's purported fourth cause of action is barred because the alleged practices are not unlawful or unfair, the public are not likely to be deceived by any alleged practices, Defendants gained no competitive advantage by such alleged practices and the benefits of the alleged practices outweigh any alleged harm or other impact they may cause.

## SEVENTH DEFENSE

### (Failure to Mitigate)

7.      Without admitting any facts pled by Plaintiff, Defendants allege that if Plaintiff and/or putative class members have sustained any loss, injury or damages either as alleged in the TAC or at all, which Defendants expressly deny, the same were directly and proximately caused and/or exacerbated by Plaintiff's and/or putative class members' own conduct, promises and representations to Defendant, and failure to take actions to mitigate these losses, injuries, or damages.

## EIGHTH DEFENSE

### (Waiver)

8.      The TAC, and each purported cause of action alleged therein, is barred on the ground that Plaintiff and/or putative class members have expressly and/or impliedly waived the right to assert such causes of action by virtue of their verbal and/or written expressions or conduct.

//

//

**NINTH DEFENSE**

**(Estoppel and Res Judicata)**

9.      To the extent claims in the TAC have been previously adjudicated, Plaintiff and/or putative class members must be estopped from asserting any of the causes of action and/or issues in the TAC against Defendants.

**TENTH DEFENSE**

**(Laches)**

10.      Plaintiff and putative class members are barred from proceeding with this action on the ground that Plaintiff and/or putative class members are guilty of laches in failing to timely commence this action, which have prejudiced Defendant in its ability to discover adequate witnesses, testimony, facts, and evidence to support Defendants' defenses.

**ELEVENTH DEFENSE**

**(Unclean Hands)**

11.      Defendants are informed and believe and thereon allege that Plaintiff and putative class members, by their own conduct, are guilty of unclean hands, which completely bar or reduce recovery, if any, to which they may be entitled, all in accordance with proof at trial.

**TWELFTH DEFENSE**

**(Consent)**

12.      The TAC, and each purported cause of action alleged therein, is barred on the ground that at all times alleged in the TAC, Plaintiff and/or putative class members expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

**THIRTEENTH DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

13.      Plaintiff and/or other putative class members failed to exhaust available administrative remedies and are therefore precluded from obtaining any relief under her alleged causes of action in the TAC.

//

//

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

12

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

1

**FOURTEENTH DEFENSE**

2

**(Right to Offset)**

3      14.      Defendants allege that it has suffered damages by reason of Plaintiff's and/or

4  putative class members' conduct, and Defendants have a right to offset their damages against the

5  damages, if any, of Plaintiff and/or other putative class members.

6

**FIFTEENTH DEFENSE**

7

**(Speculative Damages and/or Penalties)**

8      15.      Plaintiff and/or putative class members are precluded from recovering the damages

9  alleged in the TAC because those damages and/or penalties are too vague, ambiguous, excessive,

10  unreasonable, uncertain and speculative to permit recovery.

11

**SIXTEENTH DEFENSE**

12

**(Release)**

13      16.      The TAC, and each purported cause of action alleged therein, is barred on the ground

14  that Plaintiff and/or putative class members have released and waived any and all claims they may

15  have against Defendants.

16

**SEVENTEENTH DEFENSE**

17

**(Third Parties)**

18      17.      Defendants allege that the TAC, and each purported cause of action contained

19  therein, is barred in whole or in part because any injuries or damages allegedly sustained by Plaintiff

20  and/or putative class members were not the result of any acts, omissions or other conduct of

21  Defendants.  Further, any alleged injuries were caused in part or in whole by third parties or

22  intervening occurrences.

23

**EIGHTEENTH DEFENSE**

24

**(Compliance and Good Faith)**

25      18.      Defendants allege that the TAC, and each purported cause of action contained

26  therein, is barred in whole or in part because Defendants exercised reasonable care and

27  compensated Plaintiff and/or putative class members in a manner that Defendants believed, in good

28  faith, complied with the applicable laws and provisions, including the Fair Labor Standards Act,

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

the Labor Code and the IWC Wage Orders.  As such, a good faith dispute exists as to alleged monies, wages and/or penalties owed.  Moreover, any alleged deficiencies were subject to cure, and therefore any liquidated damages or penalties would be barred.

## NINETEENTH DEFENSE

### (Lack of Knowledge)

19.    Defendants allege that the TAC, and each purported cause of action contained therein, is barred in whole or in part and limited by its lack of actual or constructive knowledge. Plaintiff and/or other putative class members did not inform Defendants of alleged failure to pay wages or premium wages or failure to pay overtime prior to filing a lawsuit.  Plaintiff and/or other putative class members, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff and/or other putative class members prior to the time the TAC was filed.

## TWENTIETH DEFENSE

### (No Continuing Violations)

20.    Defendants allege the TAC, and each purported cause of action contained therein, or some of them, for restitution and/or injunctive relief, is barred with respect to any alleged violations that have discontinued, ceased, or are not likely to reoccur.

## TWENTY-FIRST DEFENSE

### (No Authorization, Adoption, or Ratification)

21.    Defendants allege the TAC, and each purported cause of action contained therein, or some of them, is barred because assuming *arguendo* that Plaintiff and/or other putative class members engaged in any of the acts alleged in the TAC, such actions were committed outside the course and scope of such employee's employment, were not authorized, adopted or ratified by Defendants, and/or Defendants did not know, nor should it have known of such conduct.

## TWENTY-SECOND DEFENSE

### (Lack of Superiority of Class Action Device)

22.    This case is not appropriate for class certification because class treatment is not the superior method for resolving the alleged claims, including but not limited to the administrative

remedies provided by the California State Labor Commissioner that are available to Plaintiff and each alleged putative class member.

### TWENTY-THIRD DEFENSE

### (Proof of Hours Worked)

23.     Defendants alleges the TAC, and each purported cause of action contained therein, is barred, or at least limited, by the doctrine of unknown hours worked.

### TWENTY-FOURTH DEFENSE

### (Failure to Show Any Facts of Refusal to Make Payment or False Denial of the Amount or Validity of Wages)

24.     Defendants alleges that the TAC, and each purported cause of action contained therein, is barred in whole or in part because, without admitting that it employed Plaintiff and/or other putative class members, Defendants exercised reasonable care and compensated its employees in a manner that Defendant believed, in good faith, complied with the applicable laws and provisions, including the Fair Labor Standards Act, the Labor Code and the IWC Wage Orders. Plaintiff and/or putative class members have failed to allege facts showing that any person, agent, manager, superintendent, or officer of Defendants willfully, knowingly or intentionally refused to pay wages due and payable after a demand had been made or falsely denied the amount or validity thereof, with the intent to secure for themselves any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom indebtedness are due.  As such, a good faith dispute exists as to alleged monies, wages and/or penalties owed.  Moreover, any alleged deficiencies were subject to cure, and therefore any penalties would be barred.

### TWENTY-FIFTH DEFENSE

### (Adequate Remedy at Law)

25.     To the extent the TAC seeks injunctive relief, the TAC is barred because Plaintiff and/or putative class members have an adequate and complete remedy at law.

### TWENTY-SIXTH DEFENSE

### (Plaintiff's Action is Frivolous and in Bad Faith)

26.     Defendants allege that they are entitled to recover reasonable expenses, including

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

attorneys' fees if allowable, from Plaintiff and Plaintiff's counsel in that Plaintiff's TAC, and each purported cause of action as alleged therein, is frivolous or in bad faith, is without reasonable cause, is totally and completely without merit, and is brought for the sole purpose of harassing Defendants.

## TWENTY-SEVENTH DEFENSE

### (No Right to a Jury Trial)

27.     Plaintiff's TAC, and each cause of action alleged therein, fails to the extent that Plaintiff seeks a jury trial for claims that are of a nature or right that did not provide for a jury trial at common law prior to the adoption of the California Constitution.  To the extent that Plaintiff seeks a jury trial for such claims, there is no such jury trial right.

## TWENTY-EIGHTH DEFENSE

### (Failure to State Facts Warranting Class Certification and Class Damages or Any Other Representative Action)

28.     This case is not appropriate for class certification because the TAC as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a class action against Defendants.

## TWENTY-NINTH DEFENSE

### (Lack of Adequate Class Counsel)

29.      This case is not appropriate for class certification because neither Plaintiff nor Plaintiff's Counsel are able to fairly and adequately protect the interests of all members of the putative class.

## THIRTIETH DEFENSE

### (Lack of Numerosity)

30.     This case is not appropriate for class certification because the members of the proposed class are not so numerous that joinder of all members would be impracticable.

## THIRTY-FIRST DEFENSE

### (Lack of Typical and Adequate Class Representative)

31.     This case is not appropriate for class certification because Plaintiff is not a typical or adequate representative of the purported class members of the TAC or any alleged cause of

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

16

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

1  action asserted therein.

2  **THIRTY-SECOND DEFENSE**

3  **(Exemption from Overtime)**

4  32. Defendant alleges that the TAC, and each purported cause of action contained

5  therein, is barred to the extent Plaintiff and/or other putative class members were and are exempt

6  from overtime compensation by virtue of the exemptions contained in the applicable wage and hour

7  laws and the applicable Industrial Welfare Commission wage orders promulgated thereunder.

8  **THIRTY-THIRD DEFENSE**

9  **(Exemption from Meal and Rest Breaks)**

10  33. Defendant alleges that the TAC, and each purported cause of action contained

11  therein, is barred to the extent Plaintiff and/or other putative class members were and are exempt

12  from meal and rest break requirements by virtue of the exemptions contained in the applicable wage

13  and hour laws and the applicable Industrial Welfare Commission wage orders promulgated

14  thereunder.

15  **THIRTY-FOURTH DEFENSE**

16  **(*De Minimis* Doctrine)**

17  34. Defendant alleges that Plaintiff and/or putative class members' claims are barred, or

18  at least limited, because the alleged uncompensated work time is/was *de minimis*.

19  **THIRTY-FIFTH DEFENSE**

20  **(Failure to Perform Duties and Comply with Employer's Directions – Labor Code Sections**

21  **2854 and 2856)**

22  35. Defendants allege that any recovery on Plaintiff's TAC as a whole, or on each

23  purported cause of action alleged therein, is barred by California Labor Code sections 2854 and

24  2856 to the extent Plaintiff and/or putative class members failed to use ordinary care and diligence

25  in the performance of their duties and failed to comply substantially with the reasonable directions

26  of their employer.

27  //

28  //

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

17

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

**THIRTY-SIXTH DEFENSE**

**(No Confidential Communication – Penal Code Section 632)**

36.     Defendants allege that any recovery on Plaintiff's sixth cause of action in his TAC is barred to the extent neither Plaintiff nor putative class members engaged in confidential communications in the workplace.

**THIRTY-SEVENTH DEFENSE**

**(No Expectation of Privacy – Penal Code Section 632)**

37.     Defendants allege that any recovery on Plaintiff's sixth cause of action in his TAC is barred to the extent neither Plaintiff nor putative class members had an objectively reasonable expectation of privacy in the workplace.  That is, the circumstances of all communications by Plaintiff and/or putative class members were such that the parties to the communication would reasonably expect that the communication may be overheard or recorded.

**THIRTY-EIGHTH DEFENSE**

**(No Intent)**

38.     Defendants allege that any recovery on Plaintiff's TAC as a whole, or on each purported cause of action alleged therein, is barred because Defendants did not act with the requisite intent required by applicable law.

**THIRTY-NINTH DEFENSE**

**(No Recording of Confidential Communication – Penal Code Section 632)**

39.     Defendants allege that any recovery on Plaintiff's sixth cause of action in his TAC is barred because Defendants did not make a recording of a confidential communication.

**FORTY-SIXTH DEFENSE**

**(Unstated Defense)**

40.     Defendants allege that they may have additional, as yet unstated, defenses available. Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed its preparation for trial.  The defenses asserted herein are based on Defendants' knowledge, information and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any defenses contained herein at any

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

18

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

1   time.  Defendants reserve the right to assert additional defenses as information is gathered through

2   discovery and investigation.  In asserting these defenses, Defendants do not allege or admit that it

3   has the burden of proof and/or persuasion with respect to any of these matters and do not assume

4   the burden of proof and/or persuasion with respect to any matter as to which Plaintiff and/or

5   putative class members have the burden of proof or persuasion.

6                                               **PRAYER**

7           WHEREFORE, Defendants prays that:

8           1.      The TAC be dismissed in its entirety with prejudice, and that Plaintiff and the

9   putative class members take nothing by the TAC;

10          2.      Judgment be entered against Plaintiff and in favor of Defendants;

11          3.      Defendants be awarded its costs of suit and reasonable attorneys' fees if allowable

12  by law, including without limitation, pursuant to California Labor Code section 218.5; and

13          4.      The Court award Defendants such other and further relief as it deems appropriate.

14

15

16  Dated:  March 3, 2021                           **FORD & HARRISON LLP**

17

18                                          By: */s/ Dan R. Lyman*
                                                   _____
19                                                 David L. Cheng
                                                   Dan R. Lyman
20                                                 Attorneys for Defendant,
                                                   THE YERBA MATE CO., LLC and
21                                                 GUAYAKI SUSTAINABLE
                                                   RAINFOREST PRODUCTS, INC.
22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD
AMD. COMPLAINT, CASE NO. 3:20-CV-06065-WHA

<u>**PROOF OF SERVICE**</u>

I, Celestine Seals, declare:

I am a citizen of the United States and employed in Alameda County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 1901 Harrison Street, Suite 1650, Oakland, California 94612.  On March 3, 2021, I served a copy of the within document(s):

**DEFENDANTS THE YERBA MATE CO., LLC'S AND GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

☒      **ELECTRONICALLY:**  I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.  I served those parties who are not registered participants of the ECF System as indicated below.

☐      **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

| | |
|---|---|
| Kenneth H. Yoon<br>Stephanie E. Yasuda<br>Brian G. Lee,<br>Yoon Law, APC<br>One Wilshire Blvd., Suite 2200<br>Los Angeles, CA 90017<br>Tel: 213.612.0988     Fax 213.947.1211<br>Email: kyoon@yoonlaw.com<br>      syasuda@yoonlaw.com<br>      blee@yoonlaw.com | Attorneys for Plaintiff<br>CASEY TROYER |
| Mark L. Webb<br>Law Office of Mark L. Webb<br>994 Clayton, No. 2<br>San Francisco, CA 94117<br>Tel: 415.515.0960<br>Email: mark@markwebb.com | Attorneys for Plaintiff<br>CASEY TROYER |

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 3, 2021, at Oakland, California.

*/s/  Celestine Seals*
Celestine Seals

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES