UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASEY TROYER,

    Plaintiff,

v.

THE YERBA MATE CO., LLC, and GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.,

    Defendants.

No. 20-06065-WHA

**ORDER DENYING MOTION TO FILE CERTAIN MATERAILS UNDER SEAL**

Plaintiff has moved to file under seal two exhibits in support of his motion for class certification.

There is generally "a strong presumption in favor of access" to court records and documents. *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (cleaned up).

A classic example of a compelling reason is "business information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (citations omitted).

Here, plaintiff seeks to file under seal electronic records in the form of spreadsheets containing (1) lists of invoices and (2) records from an application he used in his work which tracked his location and use of the app along with the associated customer information.

In support of sealing, plaintiff states only (Dkt. No. 50-1 at ¶ 3):

> Exhibits DD and EE consist of electronic data that [defendants] presumably consider trade secrets. The documents were marked by Defendants as confidential pursuant to the Protective Order (DE 42). The declaration of [plaintiff's expert] restates some of the information contained within Exhibits DD and EE, namely, customer names and locations.

This does not suffice. If customer names and locations is "business information that might harm a litigant's competitive standing," which is doubtful, then only those portions of the records should be sealed. Plaintiff seeks to seal the entire spreadsheets, of which only small portions are customer names and locations.

Therefore, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 12, 2021

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE