KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff Casey Troyer

SANFORD L. MICHELMAN (SBN 179702)
smichelman@mrllp.com
JEFF F. TCHAKAROV (SBN 295506)
jtchakarov@mrllp.com
**MICHELMAN & ROBINSON, LLP**
10880 Wilshire Boulevard, 19th Floor
Los Angeles, CA 90024
Telephone: (310) 299-5500
Facsimile: (310) 299-5600

Attorneys for Defendants
THE YERBA MATE CO., LLC and
GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.

[Additional counsel listed on next page]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY TROYER, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE YERBA MATE CO., LLC, a limited liability company; GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC., a corporation,<br><br>Defendants. | Case No.: 3:20-cv-06065-WHA<br><br>[Assigned for all purposes to Hon. William H. Alsup; Courtroom 12]<br><br>**JOINT STATEMENT**<br><br>Date Filed: July 21, 2020 |

MARK L. WEBB (State Bar No. 67959)
**LAW OFFICE OF MARK L. WEBB**
994 Clayton, No. 2
San Francisco, California 94117
Telephone: (415) 515-0960

Attorneys for Plaintiff Casey Troyer

MONA Z. HANNA (SBN 131439)
mhanna@mrllp.com
KELLY M. HAGEMANN (SBN 241069)
khagemann@mrllp.com
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone: (714) 557-7990
Facsimile: (714) 557-7991

Attorneys for Defendants
THE YERBA MATE CO., LLC and
GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC.

Plaintiff Casey Troyer ("Plaintiff") and Defendants The Yerba Mate Co., LLC and Guayaki Sustainable Rainforest Products, Inc. ("Defendants") (collectively with Plaintiff, the "Parties") provide this Joint Submission following the February 7, 2022 hearing. (Doc. 127.)

### A.  DEFENDANTS WILL PAY AN ADDITIONAL $109,287.20

Based upon the Motion for Preliminary Approval of Class Action Settlement (Doc. 112), based upon the calculations performed by the Class Administrator pursuant to the Stipulation of Settlement and Release, and as set forth in the Defendants' Submission to the Court Regarding Settlement (Doc. 119 p. 3-4), the current payment per Workweek to the existing Class Members (as that term is defined in the Stipulation of Settlement and Release, Doc. 112-1 at p. 14) is $96.80.

The addition of the 52 individuals who should have been included as Class Members but were not, and the subtraction of the 9 Nonmembers[1] who were included as Class Members but should not have been, results in a 1,129 Workweek increase for the Class.  Defendants will pay $109,287.20 ($96.80 per work week times 1,129 additional work weeks) in addition to the Gross Settlement Amount.[2] This additional payment ensures that none of the existing class members will receive less than the estimated amount that was included in the notices they received in December of 2021. It further accommodates the 52 Missing Members by ensuring they receive the same per work week payment amount as the originally-identified class members. The 52 Missing Members will also receive

---

[1] The nine Nonmembers have already been provided with notice and a challenge procedure as set forth in Docket Entries 119 and 120.

[2]  As a further note, in addition to this $109,287.20, Defendants remain separately liable for the employer share of any applicable payroll taxes and any such employer-side payroll taxes associated with the Missing Members shall be paid by Defendants separately, just like for all settlement class members.

notice as detailed below.

Defendants providing an additional $109,287.20 was the result of an agreement where Plaintiff's counsel have agreed to seek the same dollar amount ($617,500) for fees. Based on this agreement, this additional money will give all 450 settlement class members the same payment structure as originally noticed for the 407. Plaintiff's counsel will file an update to Plaintiff's Motion for Attorneys' Fees and Costs, Award of Class Representative's Enhancement Payment, and Settlement Administration Costs (DE 122) to make clear that the amounts requested for these items (fees, costs, enhancement, and administrative costs) remains the same.

B.  **PROPOSED NEW NOTICE**

1.  **Notice to 52 "Missing Members" of Class Member Status and Estimated Payment**

The parties propose sending an additional notice to the 52 Missing Members, which is provided in redline format as Exhibit A to show how it differs from the original notice sent to the Class Members.

2.  **Notice to Existing Class Members of Administration Deadlines**

Because the Gross Settlement Amount increased by $109,287.20, all Class Members will receive the same Exhibit A. Plaintiff's counsel will also include the updated administration deadlines on his website.

3.  **Deadlines**

As set forth in the Defendants' Response to Order to Show Cause Re Plan for New Notice Distribution (Doc. 123), the following administration deadlines are set along with similar time intervals as their original counterparts:

- The deadline for the Settlement Administrator, Phoenix Settlement Administrators, to mail or cause to be mailed to Class Members a new Notice Packet by first class mail is

**February 14, 2022**.

- The deadline for Plaintiff to file his Motion for Attorneys' Fees and Litigation Costs, Enhancement Payment, and Settlement Administration Costs is **April 20, 2022**.
- The deadline for Class Members to opt-out, object, or dispute their allocation is **May 25, 2022** (100 days from mailing).
- The deadline for Plaintiff to file his Motion for Final Approval is **June 2, 2022**.
- The Final Fairness Hearing will be held on **June 23, 2022** at 11:00 a.m., or as soon thereafter as the Court's calendar permits.

If the Court would prefer to give less tshan the original 100 days' notice to these additional 52 members, the following deadlines provide for 60 days' notice:

- The deadline for the Settlement Administrator, Phoenix Settlement Administrators, to mail or cause to be mailed to Class Members a new Notice Packet by first class mail is **February 14, 2022**.
- The deadline for Plaintiff to file his Motion for Attorneys' Fees and Litigation Costs, Enhancement Payment, and Settlement Administration Costs is **March 11, 2022**.
- The deadline for Class Members to opt-out, object, or dispute their allocation is **April 15, 2022**.
- The deadline for Plaintiff to file his Motion for Final Approval is **April 21, 2022**.
- The Final Fairness Hearing will be held on **May 12, 2022** at 11:00 a.m., or as soon thereafter as the Court's calendar permits.

| | | |
|---|---|---|
| Dated: February 9, 2022 | | YOON LAW, APC |
| | | */s/ Kenneth H. Yoon* |
| | | Kenneth H. Yoon |
| | | Stephanie E. Yasuda |
| | | Attorneys for Plaintiff |
| | | CASEY TROYER |
| Dated: February 9, 2022 | | MICHELMAN & ROBINSON, LLP |
| | By: | */s/ Kelly M. Hagemann* |
| | | Sanford L. Michelman |
| | | Jeff F. Tchakarov |
| | | Mona Z. Hanna |
| | | Kelly M. Hagemann |
| | | Attorneys for Defendants |
| | | THE YERBA MATE CO., LLC and |
| | | GUAYAKI SUSTAINABLE |
| | | RAINFOREST PRODUCTS, INC. |

# EXHIBIT "A"

*Troyer v. The Yerba Mate Co., LLC, et al.*
U.S. District Court for the Northern District of California Case No. 3:20-cv-06065-WHA

**[REVISED]**
**NOTICE TO CLASS MEMBERS OF PENDENCY OF CLASS ACTION SETTLEMENT AND NOTICE OF FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT**

> To: Delivery driver hacedores classified as exempt from overtime under California's outside salesperson exemption from April 6, 2016 to April 11, 2021

**PLEASE READ THIS NOTICE CAREFULLY**
**THIS MAY AFFECT YOUR LEGAL RIGHTS**

The purpose of this Notice ("Notice") is to inform you of the proposed settlement ("Settlement") in the above-entitled action ("Action") and your rights under it. You have received this Notice because The Yerba Mate Co., LLC's ("Yerba Mate's") records indicate that you are a Class Member and included in the Settlement described in this Notice.

The "Class" covered by the Settlement includes: delivery driver hacedores like plaintiff classified as exempt from overtime under California's outside salesperson exemption from April 6, 2016 to April 11, 2021.

**If you previously received a notice in December 2021 advising you of the Settlement in the Action ("Prior Notice"), then this Notice replaces the Prior Notice. The dates and deadlines have changed, the Gross Settlement Amount has changed, but everything else remains the same. In particular, your estimated Individual Settlement Payment is the same. After the Prior Notice was mailed, further review of Yerba Mate's records showed that the initial Class Member list had to change. The changes added some class members and removed some class members.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will be paid your Individual Settlement Payment; and you will give up any rights to bring the Released Claims against ~~Signature~~Yerba Mate. |
| **DISPUTE/CHALLENGE THE TOTAL WAGES AND/OR EMPLOYMENT STATUS** | Challenge/Dispute your Workweeks listed in the Data Confirmation Form enclosed with this Notice. The Settlement Administrator may accept or reject your dispute. Following submission of the Data Confirmation Form, you will receive your Individual Settlement Payment (either based on the Workweeks stated in the attached form or the accepted disputed Workweeks) and give up any rights to sue for the same claims. |
| **OPT-OUT** | If you do not want to participate in the Settlement and receive your Individual Settlement Payment, you may opt-out of the Action and retain rights you may have against Defendants, as explained below. |
| **OBJECT** | You may object to the Settlement by submitting an objection explaining why you do not agree with the Settlement. The Court may or may not agree with your objection. |
| **HOW MUCH CAN I GET?** | Your estimated Individual Settlement Payment is at the top of the Data Confirmation Form. |

Questions?                                                                                                   1
Call: (800) 523-5773 ~~Call (xxx) xxx-xxxx~~

**THE FOLLOWING RECITATIONS DO NOT CONSTITUTE THE FINDINGS OF THE COURT NOR SHOULD THEY BE UNDERSTOOD TO BE AN EXPRESSION OF THE COURT'S VIEWS ON THE MERITS OF ANY CLAIM OR DEFENSE RAISED BY THE PARTIES.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** |
|---|

### 1. What Is The Lawsuit About?

Plaintiff Casey Troyer ("Plaintiff") a former delivery driver hacedor employee of The Yerba Mate Co., LLC sued Defendants The Yerba Mate Co., LLC and Guayaki Sustainable Rainforest Products, Inc. (collectively "Defendants") on behalf of himself and others similarly situated for the following claims: (1) violation of Labor Code §§ 226.7 and 512 regarding unpaid meal premium wages and rest premium wages, (2) violation of Labor Code §§ 1194 and 510 regarding unpaid overtime and minimum wages, (3) violation of Labor Code § 226 regarding accurate wage statements, (4) violation of Labor Code §§ 201 to 204 regarding timely payment of wages, (5) violation of Business and Professions Code Section 17200 *et seq.*, and (6) Violation of California Penal Code § 632.

On June 29, 2021, the U.S. District Court for the Northern District of California (the "Court") entered an Order certifying one Class as to the outside salesperson exemption question, and held in abeyance certification of the underlying wage and hour claims. Notice of that certification order and opportunity to out-out of the Class was sent in early September 2021. The term "seek exclusion" is often used interchangeably with "opt-out". It means the same thing.

As mentioned in the prior certification notice sent in early September 2021, the Court did not certify the Class for recording of conversations without the knowledge or consent of all parties to the conversation (Penal Code § 632).

### 2. Why Did I Get This Notice?

Yerba Mate's records indicate that you are or were employed by The Yerba Mate Co., LLC as a delivery driver hacedor like plaintiff and classified as exempt from overtime under California's outside salesperson exemption at some time between April 6, 2016 to April 11, 2021. As a result, you were mailed notice in early September 2021. Because you did not opt-out of this lawsuit then, you are now part of this Settlement and are receiving this Notice.

The Court preliminarily approved the Settlement on behalf of the Class. The Court has not entered judgment and has not determined that there is any merit to Plaintiff's claims or that Defendants engaged in any wrongdoing alleged in this Action. The Court still has to decide whether to grant final approval of the Settlement. If the Court grants final approval of the Settlement, and after any objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the payments approved by the Court.

Plaintiff, Defendants and their respective counsel, have concluded that the Settlement is fair and in the best interests of the Class Members considering the risks and uncertainties to each side of continued litigation. Because the Settlement will affect your legal rights, the Court ordered that this Notice be sent to you. This Notice will provide you with a brief description of the Action; inform you of the terms of the Settlement; and advise you of your legal rights.

Questions?                                                                                                                3
Call: (800) 523-5773 ~~Call (xxx) xxx-xxxx~~

| *3. What Is Defendants' Position?* |
|---|

Defendants deny Plaintiff's and the Class's Claims and believes that they have no liability to the Class under the claims asserted in the Action. They further believe the Court should de-certify (undo) the June 29, 2021 order granting certification. Nonetheless, this Settlement is entered into solely for the purpose of compromising disputed claims. Nothing in this Settlement is intended or will be construed as an admission of liability or wrongdoing by Defendants or an admission by Plaintiff that any of their claims lacked merit or any defense asserted by Defendants had merit.

| *4. Who Are The Attorneys Representing the Parties?* |
|---|

**Attorneys for Plaintiff and the Class ("Class Counsel")**

Kenneth H. Yoon
Stephanie E. Yasuda
**YOON LAW APC**
One Wilshire Boulevard, Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
kyoon@yoonlaw.com
syasuda@yoonlaw.com

**Attorneys for Defendants ("Defendant's Counsel")**

Mona Z. Hanna
Kelly M. Hagemann
**MICHELMAN & ROBINSON, LLP**
17901 Von Karman Avenue, Suite 1000
Irvine, CA 92614
Telephone: (714) 557-7990
mhanna@mrllp.com
khagemann@mrllp.com

| *5. Do I Need to Hire an Attorney?* |
|---|

**You do not need to hire your own attorney for this Settlement**. You are already represented by Class Counsel (see Section 4). However, you may hire your own attorney at your own expense if you choose to do so. If you hire an attorney, your attorney must file a Notice of Appearance with the above-entitled Court. You will be responsible for any attorneys' fees and costs charged by your own attorney.

| *6. Why Is There a Settlement?* |
|---|

Plaintiff and Defendants have determined that it is in their mutual best interest to settle this Action due to the uncertainties of trial, benefits of settlement, associated costs of continued litigation, likely appeals, and inconvenience and interference with personal matters and business operations.

The Court did not decide in favor of Plaintiff or Defendants. After a thorough investigation into the facts of this lawsuit, Defendants and Plaintiff agreed to the Settlement. The Class Claims against Defendants were settled because Class Counsel and the Class Representative believe that the amount of the Settlement is fair and reasonable in light of the strength and weaknesses of the Class's claims and other factors.

| *7. How Do I Know If I Am Part of the Settlement?* |
|---|

Questions?
Call: (800) 523-5773 ~~Call (xxx) xxx-xxxx~~

4

You are a Class Member if you were a delivery driver hacedor like plaintiff, classified as exempt from overtime under California's outside salesperson exemption from April 6, 2016 to April 11, 2021.

### 8. *What Does the Settlement Provide?*

**Settlement Amount**

Defendants have agreed to pay a total of Two Million, ~~Four~~ Five Hundred and Seventy-Nine Thousand Two Hundred Eighty Seven U.S. Dollars and Twenty Cents ($2,579,287.20~~$2,470,000.00~~) ("Gross Settlement Amount") to resolve the Action. The Gross Settlement Amount includes, without limitation, all payments ("Individual Settlement Payments") to eligible Class Members who do not opt-out from participating in the Settlement ("Participating Class Member"), Class Counsel's fees and costs, the Class Representative's Enhancement Payment (each defined below), and Settlement Administration Costs.

**Distribution of the Gross Settlement Amount**

Subject to the terms and conditions of the Settlement approved by the Court, the Settlement Administrator will make the following payments from the Gross Settlement Amount as follows:

**The Enhancement Payment**: First, the Settlement Administrator will pay an Enhancement Payment to Plaintiff, as awarded by the Court. Class Counsel will apply to the Court for an enhancement payment not to exceed Ten Thousand U.S. Dollars ($10,000) to Plaintiff Casey Troyer in recognition of his efforts and risks (financial, professional, and emotional) taken in pursuing this Action. The Court will determine the actual amount awarded to Plaintiff.

**Class Counsel's attorneys' fees and litigation costs:** Second, the Settlement Administrator will pay Class Counsel's attorneys' fees and litigation costs as awarded by the Court. Class Counsel will apply to the Court for a total award of attorneys' fees of up to ~~25% of the Gross Settlement Amount (for a total of~~ up to $617,500.00 (approximately 24% of the Gross Settlement Amount) for their Class Counsel attorneys' fees payment and an award of actual litigation costs (not to exceed $150,000.00). The Court will determine the actual amounts awarded.

**Settlement Administration Costs:** Third, the Settlement Administrator will pay any other fees and/or expenses (other than attorneys' fees and expenses) incurred in implementing the terms and conditions of the Settlement and securing a judgment. The estimated costs for Settlement Administration are $11,000.

**The "Net Settlement Amount"** is the remaining portion of the Gross Settlement Amount available for distribution to individual Class Members after deduction of Court-approved attorneys' fees and litigation costs, Settlement Administration Costs, and Enhancement Payment to the Class Representative. Because the attorneys' fees and litigation costs come out of the Gross Settlement Amount, if the Court awards a lesser amount to either of these, that will increase the Net Settlement Amount and thus would increase each Participating Class Member's Individual Settlement Payment accordingly. This applies to the Enhancement Payment and Settlement Administration Costs as well.

Class Counsel's deadline to file their Motion for approval of attorneys' fees and litigation costs, the Enhancement Payment, and Settlement Administration Costs is February 3, 2022. You may obtain a copy of this Motion as described in Section 16, below.

### 9. *What Can I Get From the Settlement?*

Each Participating Class Member will be paid an Individual Settlement Payment from the Net Settlement Amount.

- Ten percent (10%) of the Individual Settlement Payments shall be allocated for payment of disputed wages to Participating Class Members. For this portion of the Individual Settlement Payments, Participating Class Members shall receive a W-2 form. The Gross Settlement Amount is exclusive of employer share of any applicable payroll taxes, and any such employer-side payroll taxes shall be paid by Defendant separately and in addition to the Gross Settlement Amount. This allocation toward disputed wages with a W-2 form will be where ~~Signature's~~ Yerba Mate's separate payment of the employer-side payroll taxes is reflected.
- Forty-five percent (45%) of the Individual Settlement Payments shall be allocated for disputed penalties. This portion of the Individual Settlement Payments consists of other income, not wages, for which the Participating Class Members shall receive a 1099 form as and if required by law.
- Forty-five percent (45%) of the Individual Settlement Payments shall be allocated for disputed interest. This portion of the Individual Settlement Payments consists of other income, not wages, for which the Participating Class Members shall receive a 1099 form as and if required by law.

**You will be solely responsible** for the reporting and payment of any federal, state, and/or local income or other tax withholdings, if any, on your Individual Settlement Payment.

Please review the enclosed Data Confirmation Form for your estimated Individual Settlement Payment. Your estimated payment is based on your Workweeks worked during the period April 6, 2016 to April 11, 2021. Each Participating Class Member's Settlement Share shall be determined by taking the Workweeks of each Participating Class Member and dividing that by the total Workweeks for all Class Members and multiplying that fraction by the Net Settlement Amount.

"Workweek" means all full or partial weeks between (i) the Class Member's start date, or the start of the Class Period, whichever is later, and (ii) either the Class Member's termination date, or the end of the Class Period, whichever is earlier. These calculations shall be constructed from Defendants' records.

Note, this is your *estimated* Individual Settlement Payment and may be adjusted based on the Court's final order and/or adjustments to Class Members Workweeks from this process. If the Court awards a lesser amount for attorneys' fees and litigation costs, Enhancement Payment, and/or Settlement Administration Costs, that will increase the Net Settlement Amount.

**You need not submit the Data Confirmation Form or do anything in order to receive your** Individual Settlement Payment**.**

If you dispute your Workweeks worked during the period April 6, 2016 to April 11, 2021, as stated on your Data Confirmation Form, you can submit a claim challenging the existing information the Settlement Administrator has for you. To do so, you must complete all the requested information on the Data Confirmation Form and timely submit it to the Settlement Administrator.

**Please Note:** Failure to provide documentation in support of any additional weeks you claim to have worked may result in rejection of your dispute. If rejected, you will receive your Individual Settlement Payment based on the information reported for you on the enclosed Data Confirmation Form, which is based on Defendants' records.

In order for a Data Confirmation Form to be considered, it must be postmarked no later than ~~March 10, 2022~~_____. The date of the postmark on the envelope shall be the exclusive means used to determine whether the challenge has been timely submitted. If you do not timely challenge the employment information contained above, said information shall govern the calculation of your Individual Settlement Payment under the Settlement.

If a submitted Data Confirmation Form is timely submitted but is deficient or incomplete, the Settlement Administrator will send to you, within five (5) business days of receipt of the challenge, a deficiency notice explaining the deficiencies and stating that you will have ten (10) calendar days from the date of the deficiency notice to correct the deficiencies and resubmit the challenge.

The Settlement Administrator will contact all persons who timely submitted completed Data Confirmation Forms and work with those persons and Defendants in good faith to resolve the dispute. Defendants will review their payroll and personnel records to verify the correct dates of employment as a Class Member. Defendants' records will have a rebuttable presumption of correctness. After consultation with Class Counsel, the Class Member with the dispute, and Defendants, the Settlement Administrator will make a determination of the number of workweeks and that determination will be final and binding on Plaintiff, ~~Signature~~Defendants, and the Class Member, and will be submitted to the Court for its approval at the Final Approval Hearing. If you wish to dispute the Settlement Administrator's decision, you should present that to the Court at the Final Fairness Hearing.

**10.** *How Was My Share Calculated?*

Each Participating Class Member's Settlement Share shall be determined by taking the Workweeks of each Participating Class Member and dividing that by the total Workweeks for all Class Members and multiplying that fraction by the Net Settlement Amount. These calculations shall be constructed from Defendants' records.

**11.** *How Can I Get Payment?*

You received this Notice because you are a Class Member and, if you received a notice sent to you in September of 2021, you did not opt-out of th~~e~~at notice. ~~sent to you in early September 2021.~~ As such, you are a Participating Class Member, you have been represented by Class Counsel, and will have the right to receive your Individual Settlement Payment if the Settlement is approved by the Court. As a Participating Class Member, you will not be separately charged

Questions? 7
Call: (800) 523-5773~~Call (xxx) xxx-xxxx~~

for the services of Class Counsel.  As a Participating Class Member, you will be bound by the terms of the Settlement which will result in a release of your claims as described below under **Released Class Claims**.

## 12. *When Would I Get My Payment?*

The Court will hold the Final Approval Hearing on or about _____ ~~April 14, 2022~~, at 11:00 am in Courtroom 12 – 19th Floor of the U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, to decide whether to approve the Settlement.

If the Court approves the settlement, your payment will be made to you in the form of a check, which shall become null and void if not deposited within one-hundred and eighty (180) days of issuance. After one-hundred and eighty (180) days of issuance, funds from undeposited checks will be held by the Settlement Administrator; if you do not contact Class Counsel or the Settlement Administrator concerning your settlement payment within one-hundred eighty (180) days of issuance of the payment, the amount of that has remained deposited will be transmitted and given to Legal Aid at Work, a nonprofit legal services organization that has been assisting low-income, working families for more than 100 years.  The failure by a Class Member to claim or deposit any check issued by the Settlement Administrator shall have no effect on that Class Member's release of all Released Claims below.

Approximately two months after the Final Approval Hearing, the Settlement Administrator will distribute to each Class Member their Individual Settlement Payment. This time estimate may change depending on whether there are objectors, whether there are any appeals, or other potential delays.

## 13. *What Rights Do I Give Up If I Participate or Do Nothing?*

### Released Claims

If the Court grants final approval, you will be bound by the terms of the Settlement, including the Released Claims described below.  That means that you will be unable to sue, or to continue to sue, or be part of any other lawsuit about the Released Claims.  It also means that all of the Court's orders will apply to you and legally bind you.

Upon the Court's Final Judgment becoming final, you shall be deemed to have fully, finally, and forever released Defendants The Yerba Mate Co., LLC and Guayaki Sustainable Rainforest Products, Inc. and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys (excluding FordHarrison LLP), insurers, reinsurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, divisions, predecessors, successors, assigns, and joint venturers ("Released Parties") from all claims, rights, demands, liabilities and causes of action that were sought in this Instant Action including the following claims: (i) failure to pay all regular wages, minimum wages and overtime wages due; (ii) failure to provide meal periods or compensation in lieu thereof; (iii) failure to provide rest periods or compensation in lieu thereof; (iv) failure to provide complete, accurate wage statements; (v) failure to pay wages timely at time of termination or resignation; and (vi) unfair business practices premised on any of the claims, causes of action or legal theories of relief plead in the operative complaint (collectively, the "Released Claims"). This

release is limited to periods of time that Class Members were members of the Class during the Class Period. This release excludes Plaintiff's individual claim under California Penal Code § 632.

### 14. *How Do I Exclude Myself from the Settlement?*

Class Members may opt-out of the Settlement. Class Members who wish to exercise this option must submit an opt-out request as provided in this Section. The opt-out request must (a) be in writing; (b) state the name, address and telephone number of the Class Member; (c) state either the Class Member's approximate dates of employment with Defendants or the employee identification number given to the Class Member by Defendants; (d) request to opt-out of the Class saying words to the effect of "I wish to opt out of the Class in: Troyer v. Yerba Mate, U.S. District Court Case No. 3:20-cv-06065-WHA"; (e) be postmarked no later than <<Data Dispute Deadline>>; and (f) be signed and dated with return address or contact information.

No opt-out request may be made on behalf of a group of members of the Class. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. By submitting such a Opt-Out Request, a Class Member shall be deemed to have exercised his or her option to opt out of the class action lawsuit. Any Class Member who timely and validly opts-out will receive no settlement payment and will not be bound by the terms of the Settlement Agreement and will not have any right to object, appeal, or comment thereon. Members of the Class who fail to submit a valid and timely opt-out shall be bound by all terms of the Settlement and the Final Order and Final Judgment entered in this Action, regardless of whether they otherwise have opted out of the settlement.

### 15. *How Do I Object to the Settlement and Appear at the Final Approval and Fairness Hearing?*

You can ask the Court to deny approval by filing an objection. You may object to the request for attorneys' fees, litigation costs, Enhancement Payment, and Settlement Administration Costs, in whole or part.

You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object. The Court can award a lower amount for attorneys' fees, litigation costs, Enhancement Payment and Settlement Administration Costs, and still approve the settlement.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (Troyer v. The Yerba Mate Co., LLC, Case Number 3:20-cv-06065-WHA), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before March 10, 2022.

The notice must set forth any and all objections/comments to this Settlement and include any supporting papers and arguments. Either of the Parties may file a responsive document to any notice of intent to object or appear with the Court no later than five business (5) days before the Final Approval and Fairness Hearing.

You may appear at the Final Approval Hearing scheduled for _____ ~~April 14, 2022~~, at 11:00 am in Courtroom 12 of the U.S. District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102. You have the right to appear at the Final Approval Hearing in person or through your own attorney (at your own expense).

Depending on COVID-19 restrictions at the time, you may be able to appear or observe remotely. Please go to https://www.cand.uscourts.gov/judges/alsup-william-wha/ for up-to-date instructions on how to attend or observe remotely.

You do not have to attend the hearing, but you may do so at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you served your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

If you object to the Settlement, you will still remain a Participating Class Member of the Settlement Class, and if the Court approves the Settlement, you will be bound by all the terms of the Settlement including the applicable released claims (outlined above in Section 13 of this notice) against the Releasees.

**Do not** file an objection if you only dispute the accuracy of your Workweeks identified in the Data Confirmation Form. The procedure for disputing that information is set forth above.

**If the court approves the Settlement despite any objections, you will receive your Individual Settlement Payment and will be bound by the terms of the Settlement (including the released claims described in Section 13 above).**

All objections will be scanned into the electronic case docket and the parties will receive electronic notices of filings. The notice should make clear that the court can only approve or deny the settlement and cannot change the terms of the settlement. The notice should clearly advise class members of the deadline for submission of any objections.

Do not submit both an objection and opt-out request. If you submit both, the request for exclusion will be controlling, and you will be excluded from the Settlement Class. If you object, you will remain in the Class and you will not be able to exclude yourself later regardless of how the Court rules on the objection.

**16.** *How Do I Get Additional Information?*

As a Participating Class Member, if you move or change your address, and you want to continue to receive information and/or your Individual Settlement Payment at your new address, you must send notice of your change of address to the Settlement Administrator.

Questions?  10
Call: (800) 523-5773 ~~Call (xxx) xxx-xxxx~~

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement which is attached to the Declaration of Kenneth H. Yoon in Support of Plaintiff's Motion for Preliminary Approval available at www.yoonlaw.com/yerbamate, by contacting the Settlement Administrator (see footer) or class counsel (Section 4, above), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. After April 20~~February 3~~, 2022, you may also find the motion for approval of attorneys' fees and costs, Enhancement Payment and Settlement Administration Costs.

### 17. *Important Deadlines*

The deadline to submit any of the following is _____~~MARCH 10, 2022~~:

- Challenge (along with documentation) the Workweeks you worked as a Class Member during the period April 6, 2016 to April 11, 2021;

- Opt Out of the Settlement; or

- Notice of Objection to Settlement.

PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE SETTLEMENT PROCESS