KENNETH H. YOON (State Bar No. 198443)
STEPHANIE E. YASUDA (State Bar No. 265480)
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

MARK L. WEBB (State Bar No. 67959)
**LAW OFFICE OF MARK L. WEBB**
994 Clayton, No. 2
San Francisco, California 94117
Telephone: (415) 515-0960

Attorneys for Plaintiff Casey Troyer

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CASEY TROYER, as an individual and on behalf of all others similarly situated,

Plaintiff,

v.

THE YERBA MATE CO., LLC, a limited liability company; GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC., a corporation,

Defendants.

Case No.: 3:20-cv-06065-WHA

[Assigned for all purposes to Hon. William H. Alsup; Courtroom 12]

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Date: July 7, 2022
Time: 8:00 am
Place: Courtroom 12

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 7, 2022, at 8:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 12 of the Northern District of California, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, 94102, Plaintiff Casey Troyer ("Plaintiff") will, and hereby does, bring an unopposed motion for an order: (1) granting final approval of the class action settlement reached by the Parties in this action, (2) fully and finally approving and directing distribution to the Class of the net settlement amount pursuant to the terms of the settlement, (3) fully and finally approving the Enhancement Payment to Plaintiff in the amount of $10,000, (4) fully and finally approving the award of attorneys' fees in the amount of $617,500, (5) fully and finally approving an award of costs in the amount of $115,165.57, and (6) fully and finally approving the Settlement Administration Costs in the amount of $11,000.

This motion will be based on this notice, the supporting memorandum of points and authorities, the declarations filed concurrently herewith, all pleadings and papers currently in the Court's file and such other oral and documentary evidence as may be presented at the hearing on this motion.

DATED: June 2, 2022

YOON LAW, APC
LAW OFFICE OF MARK L. WEBB

*/s/ Kenneth H. Yoon*
Kenneth H. Yoon
Stephanie E. Yasuda
Mark L. Webb
*Class Counsel and Attorneys for Plaintiff Casey Troyer*

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................1

II. NOTICE TO THE CLASS ....................................................................................2

III. EVALUATION OF THE SETTLEMENT ....................................................................................3

IV. THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE ....................................................................................4

V. THE REQUESTED ENHANCEMENT PAYMENT IS REASONABLE .........6

VI. SETTLEMENT ADMINISTRATOR'S COSTS SHOULD BE APPROVED ..7

VII. CONCLUSION....................................................................................7

# TABLE OF AUTHORITIES

**Page**

**State Cases**

*Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43 (2008) ....................5

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001) ....................5

*Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116 (2008) ....................4

*Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480 (2016) ....................5

**Federal Cases**

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234 (9th Cir. 1998) ....................3, 4

*Mangold v. Cal. Public Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ....................4

*Patton v. Church and Dwight Co., Inc.*, 2019 WL 6357266 (C.D. Cal. Aug. 6, 2019)....................5

*Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035 (9th Cir. 2019) ....................4

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ....................4, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, Plaintiff Casey Troyer ("Plaintiff" or "Class Representative") seeks the Court's final approval of the Joint Stipulation of Settlement and Release ("Settlement") between Plaintiff and Defendants The Yerba Mate Co., LLC and Guayaki Sustainable Rainforest Products, Inc. ("Defendants"). The Settlement provided for $2,470,000[1] as the Gross Settlement Amount with no reversion to Defendant. The Net Settlement Amount is the balance of the Gross Settlement Amount after the following are deducted subject to Court approval: (1) attorneys' fees in an amount up to $617,500 (24% of the Gross Settlement Amount); (2) actual litigation costs advanced by Class Counsel which in this case total $115,165.57; (3) Settlement Administration Costs up to $11,000; and (4) $10,000.00 for the Enhancement Payment to Plaintiff.

The Class is defined as: delivery driver hacedores like plaintiff classified as exempt from overtime under California's outside salesperson exemption from April 6, 2016 to April 11, 2021.

Pursuant to the Court's order granting preliminary approval (DE 118) issued on November 12, 2021 and Order Re Dkt. No. 128 (DE 129) issued on February 9, 2022, the Settlement Administrator, Phoenix Settlement Administrators, has complied with this Court's requirements for notice to the Class by mailing notice to all 450 Class Members contained in the class list.

As of the response deadline of May 25, 2022, the results of the notice process are as follows:

1. Two (2) exclusion requests;
2. Zero (0) objections;
3. Eight (8) undelivered notices.

(Declaration of Jodey Lawrence ("Lawrence Decl.") ¶¶ 3-13.)

---

[1] This figure was increased to $2,579,287.20. (DE 128, p. 1.)

Everyone who did not opt out will receive a share, which based on these figures, means virtually every Class Member (99.6%, 448/450) will be sent a settlement payment.

Plaintiff and Class Counsel respectfully request that the Court grant final approval of the Settlement, including payments from the gross settlement amount for the Class Representative's Enhancement Payment of $10,000, attorneys' fees in the amount of $617,500, costs in the amount of $115,165.57, and settlement administration costs to Phoenix Settlement Administrators in the amount of $11,000, which is consistent with the amount disclosed in the class notice. (Lawrence Decl. Ex. A, p. 3.)

## II. NOTICE TO THE CLASS

Pursuant to the Court's orders granting preliminary approval of the class action settlement (DE 118 and 129), the Settlement Administrator distributed Notice Packets in two mailings via USPS First-Class Mail to the 450 Class Members contained in the class list. (Lawrence Decl. ¶¶ 6-9.) As part of the preparation for mailing, the Settlement Administrator processed all 450 names and addresses contained in the Class List against the National Change of Address ("NCOA") database maintained by the United States Postal Service, for purposes of updating and confirming the mailing addresses. (Lawrence Decl. ¶¶ 5-8.)

The Settlement Administrator received a total of 39 notices returned by the USPS, one with a forwarding address. The Settlement Administrator performed a computerized skip trace on the 38 returned Notice Packets without a forwarding address to obtain an updated address for purposes of re-mailing the Notice Packet. As a result of this skip trace, the Settlement Administrator obtained 37 updated addresses and promptly re-mailed the Notice Packet to those Class Members via U.S. First Class Mail. (Lawrence Decl. ¶ 10.)

The Settlement Administrator also complied with the Court's Order (DE 120) issued January 31, 2022, including sending class notice to 52 newly identified class members and sending notice of to nine individuals that they were mistakenly sent settlement notices but do not fall within the class definition.. None of those people who received a non-member notice has contacted the Settlement Administrator to dispute their non-membership in the Class. (Lawrence Decl. ¶ 8.)

As of the date of this motion, there are eight (8) undeliverable Notice Packets. To be more specific, one (1) was undeliverable since an updated address could not be obtained and seven (7) were returned a second time. (Lawrence Decl. ¶ 10.) There were two (2) requests for exclusion received, the number of objections are zero and there were no workweek disputes. (Lawrence Decl. ¶¶ 12-14.)

The Settlement Administrator has been and will continue to perform the required duties to ensure the best practicable notice, as set forth in the Settlement and the Court's order.

## III. EVALUATION OF THE SETTLEMENT

To determine the preliminary fairness of an agreement, the Court balances the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

After considering Plaintiff's Motion for Preliminary Approval and supporting papers, which addressed the *Linney* factors, this Court issued its Order of Preliminary Approval (DE 118). As set forth in Plaintiff's motion for preliminary approval (DE 112) and the declaration of the Kenneth Yoon (DE 112-1), Plaintiff has provided the Court with the "basic information about the nature and magnitude of the claims in question and the basis for concluding that the consideration being paid for the release

of those claims represents a reasonable compromise." *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 133 (2008). This includes the gross settlement amount, the average net recovery to each Class Member, and an estimate of actual damages.

Now that the notice process has been completed, the Court can confirm that the notice provided in this case satisfies the best notice practical standard as 98.2% of the Class has received actual mail notice (442/450). *See Roes v. SFBSC Mgmt., LLC*, 944 F.3d 1035 (9th Cir. 2019) (citing *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)).

In addition to the information Plaintiff supplied in support of his motion for preliminary approval, Plaintiff notes Class Members' reaction to the Settlement has been overwhelmingly positive, as detailed in the concurrently filed declaration of the Settlement Administrator. Specifically, of a Class of 450 persons, there have been zero objections and two opt-outs, for a total participation rate of 99.6%. (Lawrence Decl. ¶¶ 12-13.) Thus, 448 Participating Class Members will share in the net amount of $1,825,621.63 . Along with the other *Linney* factors previously considered by the Court, this factor also weighs in favor of final approval.

As a note, the estimated payment of $96.80/ workweek mentioned in Plaintiff's Statement On Order To Show Cause (DE124) is now $98.98, based on the Settlement Administrator's last calculation. (Lawrence Decl. ¶ 15.) This is mostly the result of the actual litigation costs being less than the maximum provided in the Settlement.

## IV. THE REQUESTED ATTORNEYS' FEES AND COSTS ARE REASONABLE

As detailed in Plaintiff's motion for attorneys' fees and costs filed on February 3, 2022 (DE 122), Plaintiff is requesting attorneys' fees in the amount of $617,500, which represents twenty-four percent of the original Gross Settlement Amount of $2,579,287.20. Plaintiff is also requesting an award of litigation costs in amount of $115,165.57, which is less than the $150,000.00 estimate stated on the Notice. Notably, there have been no objections from the Class to these amounts.

In a diversity action such as this, federal courts apply state law both to

determine the right to fees and the method for calculating them. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit has held that it will "follow other circuits that apply state law in calculating the fee." *Mangold v. Cal. Public Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). California law, in turn, embraces the percentage method, which "calculates the fee as a percentage share of a recovered common fund or the monetary value of the plaintiffs' recovery." *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 490 (2016). Under the percentage method, "fee awards in class actions average around one-third of the recovery." *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66, n.11 (2008).

Thus, Plaintiff's request for fees in the amount of 24% of the common fund is appropriate. Moreover, as detailed in Plaintiff's fee motion (DE 119) from February, 3, 2022, Class counsel's total lodestar was then at $783,935, based on 984.9 attorney hours, and thus the requested fees constitute a modest 0.79x multiplier to Counsel's lodestar – negative. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) ("A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders, but for the loan of those services" and the potential of default on the loan (i.e. losing the case and receiving no fee) (citation omitted)). The lodestar cross-check provides support for Plaintiff's request. *See Vizcaino*, 290 F.3d at 1050 ("Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award"). Here, the reasonableness of the requested fee award is confirmed by the lodestar cross-check. *See Patton v. Church and Dwight Co., Inc.*, 2019 WL 6357266 at *5 (C.D. Cal. Aug. 6, 2019) (approving attorney hourly rates between $350 and $725 and lodestar multiplier of 1.3).

Based on the foregoing and on Plaintiff's fee motion (DE 122), Plaintiff respectfully requests the Court finally approve attorneys' fees in the amount requested.

## V. THE REQUESTED ENHANCEMENT PAYMENT IS REASONABLE

As detailed in Plaintiff's motion for attorneys' fees and costs filed on February 3, 2022 (DE 122), as well as Plaintiff's declaration (DE 122-3), Plaintiff has made significant sacrifices to pursue this lawsuit.

Most notably, and a different fact that most of what this Court has seen, is that Plaintiff sacrificed his personal rights for the collective good of the Class. As mentioned in the above-mentioned Docket Entries, this Court did not certify Plaintiff's claim under California Penal Code § 632, which carried with it a $2,500 damage. Plaintiff had every right to enter into this class action settlement and then resolve his individual California Penal Code § 632 claim. Distribution of the settlement would await the final judgment.

As part of his claim, Plaintiff is confident he would have prevailed. However, litigation of this claim would have delayed benefits to hundreds of other people. So as part of the settlement negotiation process, Plaintiff agreed to effectively give up this claim for the benefit of the Class (as well as the public resource which is this Court).

As part of this settlement administration process, Class Counsel has communicated with several class members. Each of these members was primarily concerned with their payment and when they would receive their payment. None has expressed any concern about any aspect of the settlement, aside from the settlement amount (many are pleased with the result, many stated they would have liked more, none stated the amount was too low to accept); none had comment on fees, costs, enhancements, etc., even when specifically asked by Class Counsel.

Accordingly, Plaintiff respectfully requests that the Court approve an Enhancement Payment in the amount of $10,000.00 for his work done on behalf of the Class and personal sacrifice for the collective benefit.

## VI. SETTLEMENT ADMINISTRATOR'S COSTS SHOULD BE APPROVED

The Settlement Administrator initially estimated $11,000.00 for administration costs, which is the amount disclosed in the Class Notice. However, subsequent to preliminary approval, as the Court knows, the amount of work increased. Despite this increase of work and increase of actual costs (e.g., printing and postage) the Settlement Administrator has not asked for an increase in their fee for service.

The Settlement Administrator has complied with the terms of the Settlement and the Court's Orders. For these reasons, Plaintiff respectfully submits the Court should approve the Settlement Administration Costs in the amount of $11,000.00.

## VII. CONCLUSION

Based on the foregoing argument and authority, Plaintiff respectfully submits that the standards for final approval of the Settlement have been met, and the terms of the Settlement are fair, adequate and reasonable.

DATED: June 2, 2022

YOON LAW, APC
LAW OFFICE OF MARK L. WEBB

*/s/ Kenneth H. Yoon*
Kenneth H. Yoon
Stephanie E. Yasuda
Mark L. Webb
*Class Counsel and Attorneys for Plaintiff Casey Troyer*