# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY TROYER, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>THE YERBA MATE CO., LLC, a limited liability company; GUAYAKI SUSTAINABLE RAINFOREST PRODUCTS, INC., a corporation,<br><br>Defendants. | Case No.: 3:20-cv-06065-WHA<br><br>[Assigned for all purposes to Hon. William H. Alsup; Courtroom 12]<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:   July 7, 2022<br>Time:   8:00 am<br>Place:  Courtroom 12 |

# ORDER

This matter came before this Court on Plaintiff Casey Troyer's ("Plaintiff" or "Class Representative") Motion for Final Approval of Class Action Settlement.

WHEREAS, Plaintiff and Defendants the Yerba Mate Co., LLC and Guayaki Sustainable Rainforest Products, Inc. ("Defendants") (collectively, the "Parties") entered into a Stipulation of Settlement and Release (DE 112-1 Exh. A pp. 10-60) ("Settlement") to settle this class action lawsuit (the "Action"); and,

WHEREAS, the Court entered an Order dated November 12, 2022 (the "Procedural Order") (DE 118), preliminarily approving the Settlement pursuant to Federal Rule of Civil Procedure 23(e) and ordering notice be sent to Class Members, scheduling a Final Approval and Fairness Hearing, and providing Class Members with an opportunity either to participate in the Settlement, exclude themselves from the Class, or object to the Settlement; and,

WHEREAS, the Court held the Final Approval and Fairness Hearing on July 7, 2022 to determine whether to give final approval to the proposed Settlement; and

WHEREAS, the Court makes the following combined findings of fact and conclusions of law in support of approval of the proposed settlement;

NOW, THEREFORE, based on the submissions of the Parties, upon reviewing all prior proceedings, and on the evidence adduced at the Final Approval and Fairness Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents.** This Final Order incorporates herein the Settlement. Unless otherwise provided herein, all capitalized terms in this Final Order shall have the same meaning as set forth in the Settlement.

2. **Jurisdiction.** Because adequate notice has been disseminated and all Class Members have been given the opportunity to opt-out of the instant Action, the Court has personal jurisdiction with respect to the claims of all Class Members. The Court has subject-matter jurisdiction over the instant Action, including jurisdiction to

approve the proposed Settlement, grant final certification of the Class, and dismiss the instant Action.

3. **Adequacy of Representation.** Yoon Law, APC, Law Office of Mark L. Webb, and the Class Representative have fully and adequately represented the Class for purposes of entering into and implementing the settlement.

4. **Class Notice.** The Court finds that the Class Notice and subsequent corrective notice, the distribution of the notice and corrective notice to Class Members, along with the follow-up measures set forth in the settlement, have been implemented pursuant to the Settlement and this Court's Procedural Order and that they:

    a. constitute the best practicable notice to Class Members under the circumstances of the Action;

    b. constitute notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action, (ii) the terms and conditions of the settlement, their rights under the Settlement, and instructions on how to submit, and the timetable for submission of, a Data Confirmation Form, (iii) their right to exclude themselves from the Class and the proposed settlement; (iv) their right to object to any aspect of the proposed settlement (including the fairness, reasonableness and adequacy of the proposed Settlement, the award of attorneys' fees and costs, and the Enhancement Payment to the Class Representative), (v) their right to appear at the Final Approval and Fairness Hearing, either on their own behalf or through counsel hired at their own expense, if they did not exclude themselves from the Class, and (vi) the binding effect of the Orders and Judgment in the Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Class;

      c.      constitutes notice that was reasonable, adequate and sufficient notice to all persons entitled to be provided with notice; and

      d.      constitutes notice that fully satisfied the requirements of Federal Rule of Civil Procedure 23(e) and due process.

5. **Final Settlement Approval.** The terms and provisions of the Settlement have been entered into in good faith, and are the product of arms-length negotiations by experienced counsel who have done a meaningful investigation of the claims in the dispute. The Settlement and all of its terms are fully and finally approved as fair, reasonable and adequate, and in the best interests of the Parties. The Parties are hereby directed to implement and consummate the settlement according to its terms and provisions.

6. **Binding Effect.** The terms of the Settlement, this Final Order, and the accompanying Judgment are binding on Plaintiff and the Participating Class Members, as well as their heirs, executors and administrators, trustees, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Action and are encompassed by the release of Released Claims set forth in the Settlement. The Settlement will have no binding effect upon, and provide no *res judicata* preclusion to, those individuals who timely requested exclusion from the Class.

7. **Releases.** Upon full and final payment by Defendants of the Gross Settlement Amount and the employers' share of payroll taxes consistent with Section 6.9.1, the Class Representative and each Class Member shall be deemed to have fully, finally, and forever released the Released Parties from all Released Claims. In addition, upon full and final payment by Defendant of the Gross Settlement Amount (consistent with Section 6.9.1 of the settlement), the Class Representative shall be

deemed to have fully, finally, and forever released the Released Parties from the Class Representative's Released Claims.

8.  The Court expressly adopts all defined terms in the settlement and the release of Released Claims, including but not limited to the following definition of Released Claims (which is set forth at Section 2.29 of the settlement): "'Released Claims' means all claims, rights, demands, liabilities and causes of action that were sought in this Instant Action including the following claims: (i) failure to pay all regular wages, minimum wages and overtime wages due; (ii) failure to provide meal periods or compensation in lieu thereof; (iii) failure to provide rest periods or compensation in lieu thereof; (iv) failure to provide complete, accurate wage statements; (v) failure to pay wages timely at time of termination or resignation; and (vi) unfair business practices premised on any of the claims, causes of action or legal theories of relief plead in the operative complaint (collectively, the 'Released Claims'). This release is limited to periods of time that Class Members were members of the Class during the Class Period. This release excludes Plaintiff's individual claim under California Penal Code § 632."

9.  **Enforcement of Settlement.** Nothing in this Final Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the settlement.

10. **Attorneys Fees and Expenses.** Class Counsel are hereby awarded attorneys' fees of $617,500.00. Class Counsel are hereby awarded reimbursement of actual litigation costs in the amount of $115,165.57. Such expenses are to be paid pursuant to the conditions set forth in the Settlement. $308,750 of the fees are to be paid pursuant to the conditions set forth in the Settlement and $308,750 of the fees are to be paid when the work necessary to distribute the settlement proceeds is complete.

11. **Class Representative Enhancement Payment.** The Court finds that Class Representative Enhancement Payment in the amount of $2,000.00 to be paid

from the Gross Settlement Amount to the Class Representative for service and assistance to the Class in the Action is reasonable and appropriate.

12. **Settlement Administration Costs.** The Court finds that Settlement Administration Costs in the amount of $11,000.00, to be paid from the Gross Settlement Amount to the Settlement Administrator is reasonable and appropriate. Settlement Administration Costs are to be paid pursuant to the conditions set forth in the settlement.

13. **Class Action Fairness Act.** Defendants provided notification pursuant to 28 U.S.C.A. § 1715 as set forth in the Declaration of Jodey Lawrence on behalf of Settlement Administrator (DE 132-2).

14. **California Private Attorneys General Act ("PAGA").** PAGA claims asserted by the class in a separate case filed September 23, 2020 before the Alameda Superior Court, Case No. RG20074741 ("PAGA Action"), are also being settled as set forth in the Motion for Preliminary Approval (DE 112 at 20:11-21:2). The PAGA Action will be resolved by the Alameda County Superior Court. The parties have advised the Court of the PAGA Action and have provided the Court with a copy of the executed settlement agreement for the PAGA Action (DE 112-1 at 3:15-24, 61-76).

15. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the settlement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose.

a.

16. This Court finds that there is no just reason for delay and expressly directs entry by the Clerk of the Court of Final Judgment.

Dated: _____, 2022

_____
HON. WILLIAM H. ALSUP
Judge of the United States District Court